**Jo Ann BURRAGE, Plaintiff-Respondent,**

v.

**Jimmie Lee McGEE and Clydamae Elliott-Reinkemeyer, Defendants-Appellants.**

**No. 43674.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 21, 1982.
Rehearing Denied Feb. 10, 1983.

Murphy, Schalpprizzi & Lebowitz, Donald L. Schlapprizzi, St. Louis, for plaintiff-respondent.

Kortenhof & Ely, Ben Ely, Jr., Ray E. White, III, St. Louis, Rosenberg, Weiss, Goffstein, Kraus & Seigel, Clayton, for defendants-appellants.

SIMON, Presiding Judge.

This is an appeal from the grant of a new trial by the Circuit Court of the City of St. Louis. JoAnn Burrage (Burrage), a passenger in a vehicle operated by Jimmie McGee (McGee), initiated this personal injury action against McGee and Clydamae Elliott-Reinkemeyer (Reinkemeyer), the driver of the other vehicle involved in the collision.

The jury returned verdicts in favor of the defendants, McGee and Reinkemeyer. The trial court, finding that the verdicts were against the weight of the evidence, sustained Burrage's motion for a new trial. Further, the trial court found that Burrage was prejudiced by defense counsel's remarks and that Burrage made a submissible case on failure to keep a lookout. We affirm.

On appeal, both McGee and Reinkemeyer contend that the trial court erred in sustaining Burrage's motion for a new trial because: (1) she failed to make a submissible case on failure to keep a careful lookout; and (2) she was not prejudiced by defense counsel's remarks.

▮ Since the trial court ordered a new trial on the basis that the verdicts were against the weight of the evidence, our review is limited to a determination whether Burrage made a submissible case. *Overby v. Fodde,* 420 S.W.2d 510, 511[2] (Mo. 1967). If Burrage failed to make a submissible case, then the trial court's exercise of its broad discretionary power to grant one new trial on the ground that the verdict is against the weight of the evidence is abusive. *Kruetz v. Wolff,* 560 S.W.2d 271, 279 [16–19] (Mo.App.1977). We treat the order as presumptively correct and review it's sustention in a liberal manner. *Id.*

The facts are as follows: McGee's vehicle, 1973 Monte Carlo, and Reinkemeyer's vehicle, 1969 Ford, were eastbound on I–44, a divided four lane highway, two twelve foot lanes with four foot shoulders in each direction. The collision occurred at midnight on a clear summer night. Reinkemeyer's vehicle was in front of McGee's vehicle in the right hand lane, traveling approximately 50–55 miles per hour. McGee approached the rear of Reinkemeyer's vehicle and switched to the left lane (passing lane), moving alongside of Reinkemeyer. Each driver was aware of the other vehicle for a period of time prior to impact. The vision of each driver was not obstructed, and both vehicles were mechanically sound.

Reinkemeyer testified that her vehicle was at all times in the right hand lane, the

impact occurring because McGee intruded into her lane. McGee and Phylliss Finnie, the front seat passenger in McGee's vehicle, testified that his vehicle remained in the left hand lane at all times, while Reinkemeyer's vehicle intruded into his lane, causing the impact.

Following the impact, McGee's vehicle hit the left guardrail of the bridge, crossed back to the right, hit a yellow truck parked on the right shoulder and came to rest on the right side of the highway. Reinkemeyer's vehicle went to the right, struck the bridge, crossed back to the left and stopped in the median. Beer cans were found in McGee's vehicle and he admitted having a beer earlier.

■ In Missouri, submission of a case to the jury on the failure to keep a careful lookout is appropriate where substantial evidence exists from which the jury could find that, in the exercise of the highest degree of care, the allegedly negligent party, had he kept a careful lookout, could have seen the other vehicle in time thereafter to have taken effective precautionary action to avoid the collision. *Heberer v. Duncan,* 449 S.W.2d 561, 563[3] (Mo. banc 1970). The evidence must also indicate that the allegedly negligent party had the means and ability to avoid a collision, i.e. the mechanical appliances, as well as sufficient time and distance, considering the movements and speed of the vehicles, to take effective action to avoid a collision. *Zalle v. Underwood,* 372 S.W.2d 98, 102[2] (Mo.1963).

■ Basically, McGee and Reinkemeyer contend that Burrage's case is not submissible on failure to keep a careful lookout because the evidence does not substantially show they had sufficient time thereafter to take effective precautionary action to avoid the collision. We disagree.

The evidence within the record indicates that Burrage made a submissible case against McGee and Reinkemeyer. We believe that the following testimony is essential to submissibility:

Q. (to witness Finnie, a passenger in the front seat of the McGee vehicle on cross examination by the attorney for McGee)

And about how much time passed from the time you first saw her [Reinkemeyer] start to move into Jimmie's [McGee] lane until this accident occurred?

A. It was a matter of seconds.

Q. Two or three seconds?

A. Three.

. . . . .

Q. And it's your testimony that Miss Elliott's car moved over to the left into Jimmie McGee's lane and struck his car?

A. That's correct.

Furthermore, exhibit 3, a photograph of Reinkemeyer's vehicle, showing slight damage to the side of the left front fender, supports a reasonable inference that the collision was a sideswiping type. Combining this inference with the judicially noticed fact that a vehicle travels in feet approximately one and one-half times it's speed stated in miles per hour, *Examples of Judicially Noticed Facts,* PROBLEMS OF PROOF, Missouri Bar CLE, § 12.166.18 (1977), we find that with the three seconds that the lane intrusion was apparent and at a speed of 50–55 miles per hour, that there was at least two hundred and twenty-five feet in which to have taken evasive action to avoid the collision.

Considering the evidence, including the judicially recognized reaction time of ¾ of a second and that a modern vehicle is quick to respond and mobile to maneuver, coupled with the testimony of Finnie, it is reasonable to infer that McGee and Reinkemeyer, in the exercise of the highest degree of care, could have seen the lane intrusion in time thereafter to take evasive precautionary action. *Taylor v. Keirn,* 622 S.W.2d 778, 783[3–5] (Mo.App.1981). *See also: Reed v. Burks,* 393 S.W.2d 377, 379[2] (Mo. App.1965).

There is no need to consider the second point because the disposition of the first point is fully dispositive of the case.

Judgment affirmed.

DOWD and GAERTNER, JJ., concur.