Dell R. WOTEN and Shirley Woten, Appellants,

v.

Kenneth A. DAY and Culp Truck Lines, Inc., Respondent.

No. WD 35290.

Missouri Court of Appeals, Western District.

Jan. 15, 1985.

George A. Tyree, Blue Springs, for appellants.

Don B. Roberson, John P. Poland, Don B. Roberson, Kansas City, for respondent.

Before LOWENSTEIN, P.J., and SOMERVILLE and NUGENT, JJ.

LOWENSTEIN, Presiding Judge.

This appeal involves a collision between a motorcycle driven by appellant, Dell Woten and a 28 foot truck owned by respondent, Culp, and driven by respondent, Kenneth Day. Woten was "test driving a new Honda motorcycle" and driving east through an intersection, after stopping for a stop sign, and Day was making a left hand turn onto the same road to go west, thus temporarily blocking the east bound lane. Woten slammed on his brakes and his cycle slid into the left rear end of the truck causing extensive bodily injury to Woten. The accident occurred on September 5, 1979. At trial, a jury returned a verdict for respondents, finding Woten guilty of contributory negligence.

The only point on appeal concerns jury Instruction No. 11 (and the parallel Instruction No. 15 for Mrs. Woten's loss of consortium claim) which read:

Your verdict must be for both defendants if you believe:

First, either:

Plaintiff Dell Woten drove at an excessive speed, or plaintiff Dell Woten failed to keep a careful lookout, and

Second, plaintiff Dell Woten, in any one or more of the respects submitted in paragraph first, was thereby negligent, and

Third, such negligence of plaintiff Dell Woten directly caused or directly contrib-

uted to cause any damage Dell Woten may have sustained.

The Wotens' concede that there was conflicting evidence regarding the speed of the motorcycle. Their only contention on appeal is there was no substantial evidence to support the submission of the "careful lookout" alternative.

■ Instructions must be supported by the evidence, and when, as here, the instruction states more than one element of negligence in the disjunctive, there must be substantial evidence tending to prove each element. *Hill v. Barton*, 579 S.W.2d 121, 130 (Mo.App.1979). Furthermore, in determining the sufficiency of the evidence to support the submission of a contributory negligence instruction, this court considers the evidence in the light most favorable to the defendant, giving it the benefit of all favorable inferences, and disregarding plaintiff's evidence unless it tends to support the giving of the instruction. *George v. Gross and Janes Co.*, 634 S.W.2d 579 (Mo.App.1982).

■ As to the particular instruction on failure to keep a careful lookout, there must be substantial evidence from which the jury could find that in exercising the highest degree of care, Woten could have seen the other vehicle in time to have taken effective precautionary action to avoid the collision, had Woten been keeping a careful lookout. *Burrage v. McGee*, 644 S.W.2d 374, 376 (Mo.App.1982). This court believes the following facts support the submission of this instruction.

■ The distance between the intersection where Woten was stopped, and the driveway from which Day was pulling out was some 300 feet. There were no obstructions. Day's truck started from a position of fourteen to fifteen feet from the south edge of the street. Day testified that when he started forward, Woten was still at the stop sign; when the front of the truck entered the street, and he was preparing to turn left, Woten had just started

across the intersection. An independent witness testified Woten was standing still at the stopsign when the defendant pulled onto the road and further testified that as Woten started across the intersection, he had his front wheel off the ground, executing what is commonly called a "wheelie." Woten testified his speed was 25 m.p.h. Considering this evidence along with the judicially noticed fact that a vehicle travels in feet approximately one and one-half times its speed stated in miles per hour, and that reaction time is only ¾ of a second, *Burrage, supra,* it is reasonable to infer that Woten in the exercise of the highest degree of care, could have seen Day's truck blocking his lane some 300 feet distant in time to have taken evasive precautionary action.

The judgment is affirmed.

All concur.