Janice **CORNELL**, Plaintiff-Appellant,

v.

**TEXACO, INC., and Joe Hood's Service, Inc., Defendants-Respondents.**

No. 67549.

Supreme Court of Missouri, En Banc.

July 15, 1986.

---

Leo M. Newman, St. Louis, for plaintiff-appellant.

John J. Hummel, St. Louis, Gary Paul, Donald R. Morin, Clayton, for defendants-respondents.

HIGGINS, Chief Justice.

Janice Cornell sued Texaco, Inc. and Joe Hood's Service, Inc. for damages sustained as the result of a motor vehicle collision. The jury returned a verdict in favor of defendant Joe Hood's and in favor of plaintiff against defendant Texaco. The jury assessed damages of $10,000 and found Texaco to be 10% at fault and plaintiff to be 90% at fault. Judgment was entered accordingly; the Court of Appeals, Eastern District, affirmed. This Court granted transfer to consider whether in a negligence action against multiple defendants on multiple theories of liability differing as to each defendant, the jury may be instructed on plaintiff's comparative fault after each of plaintiff's verdict directing instructions. This Court determines that a trial court errs in such repetitive instruction and determines further that plaintiff was not prejudiced by such error in this case. Judgment for plaintiff affirmed.

Appellant contends the trial court erred in giving defendants' two identical comparative negligence instructions because the instructions in combination were repetitive and therefore overemphasized the plaintiff's comparative fault. Respondents assert each defendant was entitled to its own comparative negligence instruction because plaintiff submitted a separate verdict directing instruction against each defendant.

The plaintiff was driving west on St. Charles Rock Road in St. Louis County when defendant Texaco backed its tanker truck onto St. Charles Rock Road and stopped the vehicle in the lane reserved for moving traffic. At the same time, defendant Joe Hood's stopped its tow truck in the lane reserved for moving traffic and shined its lights into oncoming traffic. The tow truck's overhead flashing lights were inoperable and before the driver of the tow truck could warn the driver of the tanker that the emergency lights were not working, plaintiff drove around the tow truck and struck the tanker causing injury to plaintiff.

Plaintiff sued Texaco on the theory that Texaco failed to yield the right-of-way or

that Texaco blocked a lane of traffic [Instruction No. 6]. She sued Joe Hood's on the theory that Joe Hood's improperly used its vehicle high beam headlights which blinded plaintiff [Instruction No. 8]. Each defendant submitted and the trial court gave an identical non-MAI affirmative defense comparative fault instruction:

INSTRUCTION NO. 7 [and No. 9]

You must assess a percentage of fault to plaintiff Janice Cornell if you believe:
First, plaintiff Janice Cornell failed to keep a careful lookout, and
Second, plaintiff Janice Cornell was thereby negligent, and
Third, such negligence of plaintiff Janice Cornell directly caused or directly contributed to cause any damage plaintiff Janice Cornell may have sustained.

The affirmative fault instruction given is a modified MAI instruction and therefore must be simple, brief, impartial and free from argument. Rule 70.02(e). Appellant has no quarrel with the content and form of the instructions individually but contends that the dual submission violated Rule 70.02.

In *Gustafson v. Benda,* 661 S.W.2d 11 (Mo.1983), this Court adopted the pure comparative fault doctrine substantially as articulated in the Uniform Comparative Fault Act. *Gustafson,* 661 S.W.2d at 15. Section 1 of the Uniform Comparative Fault Act states that "any contributory fault chargeable to the claimant diminishes proportionately the amount awarded as compensatory damages for an injury attributable to the claimant's contributory fault...." The jury instruction requiring assessment of plaintiff's fault should be simple and instruct the jury to diminish the damages awarded in proportion to the amount of negligence attributable to the plaintiff. *See Missouri Pacific Railroad Co. v. Whitehead & Kales Co.,* 566 S.W.2d 466 (Mo. banc 1978).

■ If multiple defendants are involved, states following the pure comparative fault doctrine apply the "degrees of negligence" rule to reduce the plaintiff's

award in the proportion that the plaintiff's share of negligence bears to the total negligence of all the parties, *see* 1 Comparative Negligence: Law and Practice § 3.10 (1986); states following modified comparative fault sometimes compare the negligence of the plaintiff with that of each defendant and if the negligence of one defendant is less than that of the plaintiff, the plaintiff cannot recover from that defendant. *See, e.g., Odenwalt v. Zaring,* 102 Idaho 1, 624 P.2d 383 (1980); *Cambern v. Sioux Tools, Inc.,* 323 N.W.2d 795 (Minn. 1982). Under a pure comparative fault system, the plaintiff's negligence is not compared with that of defendant A and then again with defendant B, but rather it is compared with the cumulative negligence of all the defendants. Accordingly, only one affirmative defense comparative fault instruction should be given and the court erred in this case when it gave two.

■ This Court must determine whether the erroneous instructions prejudiced the plaintiff. Rule 70.02(c). There is no presumption of prejudice because there is no MAI mandate against the use of multiple affirmative defense comparative fault instructions. *See Murphy v. Land,* 420 S.W.2d 505, 507 (Mo.1967). To reverse a jury verdict on the ground of instructional error, the party challenging the instruction has the burden to show the offending instruction misdirected, misled or confused the jury. *Essex v. Getty Oil Co.,* 661 S.W.2d 544, 558 (Mo.App.1983).

■ Plaintiff made no objection to the dual instructions at trial and although contemporaneous objections to instructions are not required to preserve claims of error (Rule 70.03), failure to raise the issue may be considered in determining whether an erroneous instruction is prejudicial. *Hudson v. Carr,* 668 S.W.2d 68, 71–72 (Mo. banc 1984). If a defect is not readily apparent to counsel preparing to argue the case, it is unlikely the jury will be confused or misled. *Id.* at 72. The jury in this case found one defendant, Joe Hood's, free from fault which would preclude the jury from having to consider the affirmative defense instruction coming after the verdict directing instruction for that defendant. *Koch v.*

*Bangert Brothers Road Builders, Inc.,* 697 S.W.2d 315, 317 (Mo.App.1985). The jury's exoneration of one defendant and its finding of liability on the part of the other tends to show a discriminating jury which was not misled or confused.

Plaintiff cites *Nugent v. Hamilton & Sons, Inc.,* 417 S.W.2d 939 (Mo.1967) and *Beers v. Western Auto Supply Co.,* 646 S.W.2d 812 (Mo.App.1982). In *Nugent* three converse instructions instead of one were given and the Court found prejudicial error because the instructions overemphasized the defense. *Nugent,* 417 S.W.2d at 941. In *Beers* four contributory fault instructions instead of one were given and the court found error because "[t]he defendant's purpose in submitting these four contributory fault instructions was undoubtedly to hammer home the instruction to the jury." *Beers,* 646 S.W.2d at 814. *Nugent* and *Beers* are distinguishable from the instant case in that the repetitive instructions in those two cases were direct violations of MAI. In addition, the instruction in this case was stated identically only twice which, when considered with the jury's finding of liability on the part of one defendant and not the other, refutes plaintiff's contention that the jury was misled or confused. *Koch,* 697 S.W.2d at 317.

Although the court erred in its dual instructions, there was no prejudice to plaintiff as a result of the erroneous instructions, and the judgment of the trial court is affirmed.

BILLINGS, ROBERTSON and RENDLEN, JJ., concur.

BLACKMAR, J., concurs in separate opinion filed.

DONNELLY, J., concurs in result.

WELLIVER, J., concurs in result in separate opinion filed.

BLACKMAR, Judge, concurring.

I wholly agree with the opinion of Chief Justice Higgins. I write in response to Judge Welliver.

I would very much like to see a modification of Rule 70.03, to clear up any misunderstanding as to counsel's obligation. The principal opinion, however, is wholly consistent with Rule 70.03. There is no error in the instructions given. The only complaint was about a matter of form, as to duplicating instructions submitted by co-defendants. The court properly holds that such duplication should not take place in the future.

Our objective should not be to promote tradeoffs between plaintiffs' lawyers and defendants' lawyers.[1] We should strive for a procedural system which promotes fair trials and minimum opportunity for error. A reversal because of something which could have been corrected if it had been timely noted has no place in an enlightened procedural system. I cannot believe that plaintiff's able counsel perceived an instructional problem which he considered disadvantageous to his client, but did not speak up. He was trying the case to the jury, not to the court of appeals. It is more reasonable to assume that he did not sense prejudice until he was casting around for error after being disappointed in the verdict.

A litigant has a substantial interest in a favorable verdict, and a new trial should be ordered only when substantial prejudice is demonstrated. Rule 84.13(b). The present verdict shows on its face that the duplicating instructions could not have affected it.

WELLIVER, Judge, concurring in result.

I concur in result but disagree with the reasoning of the opinion.

While some of the events happening in the dim, dark past of the early sixties are by the passage of time becoming increasingly difficult to verify, the fact that both MAI and Rule 70.02 (now 70.03), were promulgated by a single order of the Court, "(M.A.I.1964, p. XXV, dated May 20, 1964,

---

1. I cannot see that MAI and present Rule 70.03 were parts of a tradeoff. Specific contemporaneous objections to instructions have not been required since 1947. *See* § 510.210, RSMo 1978; 2 Carr, *Missouri Civil Procedure,* 1952 pocket part.

effective Jan. 1, 1965), suggests that the plaintiffs got M.A.I. and the defendants got Rule 70.02, (now 70.03). Plaintiffs were relieved of the perils of formulating and constructing verdict directors and defendants, primarily, were relieved of the perils of shooting from the hip on objections to instructions.

If the Court as now constituted desires to take Rule 70.03 from the defendants, it is respectfully suggested that it is in the best interest of fairness and justice and the orderly administration of justice that the same should be done by clear and concise amendment of Rule 70.03. To do otherwise defeats the underlying purpose of rules— the codification and simplification of the law, and returns Missouri lawyers to the technicalities and perils of pre-code practice.

As to the merits of the opinion itself, I am at a loss to understand the logic of its reasoning. If the submission of multiple alternative theories of recovery by the plaintiff does not overemphasize the plaintiffs side of the case, I cannot see why submission of multiple alternative defenses, especially where submitted by multiple defendants, overemphasizes the defense side of the case. Justice and fairness would seem to dictate equal treatment of both plaintiffs and defendants.