David G. NAKATA, a minor by his next friend, G. David NAKATA, and G. David Nakata and Mary F. Nakata, Respondents,

v.

PLATTE COUNTY R–3 SCHOOL DISTRICT, Appellant.

No. WD 39749.

Missouri Court of Appeals,
Western District.

May 3, 1988.

Clyde G. Meise and J. Michael Rumley, Meise, Coen, Hutchison and Rumley, Kansas City, for appellant.

Max W. Foust and Steven D. Steinhilber, Morris and Foust, Kansas City, for respondents.

Before GAITAN, P.J., and TURNAGE and CLARK, JJ.

CLARK, Judge.

In this suit for personal injuries sustained by David G. Nakata, a jury awarded plaintiffs a net verdict, after apportionment of fault, in the amount of $9,000.00. The court granted plaintiffs a new trial on the ground of instruction error. The issues on this appeal by Platte County R–3 School District are whether the instruction describing acts or omissions by David Nakata alleged to have contributed to cause the accident were proven by any evidence and, if not, whether failure by plaintiffs to object to the instruction during trial waived their right to complain of the instruction in their motion for new trial.

The facts of the accident giving rise to this suit were generally as follows. In the early evening of June 6, 1983, David and a companion, Billy Liao, were riding their bicycles from the Platte City High School to David's home. The route traversed the elementary school playground. A driveway entered the playground from the street. School district personnel had placed a wire or cable across the driveway entrance at a height of two or three feet to prevent automobiles from driving onto the playground. David, who was first of the two to enter the driveway, did not see the cable in time to stop or swerve, and he ran into the cable with resulting injuries to his head and face. His total medical expenses have amounted to $10,708.58 and future surgery is forecast.

The summary above describes the evidence in the case which was not disputed. It was, however, the defendant's theory that David's conduct contributed to cause the accident in that he was riding his bicycle at an excessive speed or that he was not keeping a proper lookout for possible obstacles in his path. Accordingly, defendant offered and the court gave the following instruction:

Instruction No. 7

In your verdict you must assess a percentage of fault to Plaintiff, David G. Nakata, if you believe:

First, either:

Plaintiff, David G. Nakata, rode his bicycle at a speed too fast for him to maintain control of the bicycle, or

Plaintiff, David G. Nakata, looked away from the direction he was traveling on the bicycle; and Second, Plaintiff, David G. Nakata, was thereby negligent; and Third, such negligence of Plaintiff, David G. Nakata, directly caused or directly contributed to cause any damage Plaintiff may have sustained.

In their new trial motion, plaintiffs contended that Instruction No. 7 was not supported by the evidence, was a prejudicial deviation from MAI forms and was also in error because the instruction submitted a charge of specific negligence along with general negligence. The trial court agreed and granted a new trial.

When the trial court grants a new trial on grounds of instructional error and the aggrieved party appeals, the trial court's action is reviewed as a question of law upon the record presented. *Crook v. Sheehan Enterprises, Inc.*, 740 S.W.2d 333, 336 (Mo.App.1987); *Kuzuf v. Gebhardt*, 602 S.W.2d 446, 449 (Mo. banc 1980). This rule includes the situation where there is said to be insufficient evidence to submit a particular issue to the jury. *Bayne v. Jenkins*, 593 S.W.2d 519, 530 (Mo. banc 1980). It is essential, for an instruction to be proper, that an issue in the instruction be supported by substantial evidence from which a jury can reasonably find such issue, and not be based on mere speculation or conjecture. *Evinger v. McDaniel Title Co.*, 726 S.W.2d 468, 472 (Mo.App.1987). When an instruction states more than one element of negligence in the disjunctive, there must be substantial evidence to prove each element. *Woten v. Day*, 684 S.W.2d 901, 902 (Mo. App.1985). In determining the sufficiency of the evidence to support the instruction, the evidence is reviewed in a light favor-

able to the proponent of the instruction. *Hartenbach v. Johnson*, 628 S.W.2d 684, 688 (Mo.App.1982).

Appellant's claim that evidence supported the two components of Instruction 7, excessive speed and failure to keep a careful lookout, is not based on any direct evidence, but only upon speculative inferences and equivocal testimony. In his testimony, David expressly denied that he was going too fast or that he was not in control of the vehicle. Billy Liao testified at trial that he and David were not racing and that he was not late for dinner, as appellant's attorney suggested. A portion of Liao's deposition was read in which Liao admitted that "it was kind of late for dinner time," but in the next answer in sequence, Liao denied the boys were racing to get home. There was no testimony at all that David was looking in some other direction when he approached the driveway. Appellant seeks to gain an inference to this effect by David's testimony that Liao was behind him as the two entered the driveway. Appellant suggests that if David knew how far back his companion was, he must have been looking behind him. There was, however, no testimony to indicate that David's estimate of the distance was made at a time when he was in proximity to the cable barrier.

The evidence of speed and lookout was insubstantial at best, but even were the evidence treated generously for appellant's benefit, the record is devoid of any proof that the speed of the bicycle directly caused or contributed to cause the accident. The cable made the driveway impassable at any speed and therefore speed could have been a factor only if it were shown that a rider at a slower speed could have swerved or otherwise reacted to avoid colliding with the barrier. The evidence did show there were open spaces to either side of the posts which supported the cable, but no evidence was offered that David could have veered to utilize that route of escape at a slower speed. Instruction No. 7 was not supported by evidence on the predicate assumptions of negligence and the trial court therefore was correct in granting plaintiffs a new trial on the error in instruction.

For assistance of the parties and the court on retrial, we note that other assignments of error in Instruction 7 are also valid. Use of the words "at a speed too fast * * * to maintain control of the bicycle" and "looked away from the direction he was traveling" were deviations from the Missouri Approved Instructions. MAI 17.03 is the approved form for submission of excessive speed, using the phrase "at an excessive speed." MAI 17.05 is the comparable form to submit lookout, using the phrase "failed to keep a careful lookout." No basis is suggested for failure to follow MAI under the facts of this case and we perceive none. Failure to follow MAI, including Notes on Use, is error, with the prejudicial effect of the error subject to judicial assessment. *Forinash v. Daugherty*, 697 S.W.2d 294, 307 (Mo.App.1985); Rule 70.02(c). We agree with respondents that the words "too fast" and "looked away" when substituted in Instruction 7 constituted error which was prejudicial when combined with the evidentiary deficiency noted earlier on these subjects.

In addition, Instruction 7 erroneously combined a charge of specific negligence, (excessive speed), with a charge of general negligence, (failed to maintain control of the bicycle), in a single submission. A case may not be instructed on disjunctive charges of general and specific negligence because to do so leaves the jury free to speculate, outside the factual submission, on other omissions in the nature of a roving commission. It has long been the rule that such an instruction is erroneous. *Hicks v. Graves Truck Lines, Inc.*, 707 S.W.2d 439, 447 (Mo.App.1986).

For the reasons stated, Instruction 7 was in error and the court correctly granted a new trial on that account.

Despite the foregoing, however, appellant argues that the plaintiffs waived any right to complain of instruction error because they failed to object to the instruction prior to presenting the question in their motion for new trial. Citing *Hudson v. Carr*, 668 S.W.2d 68 (Mo. banc 1984), and *Fowler v. Park Corp.*, 673 S.W.2d 749 (Mo.

banc 1984), appellant contends the error was either waived or was not of prejudicial proportion.

In *Hudson*, the court recognized that Rule 70.03 does not require counsel to make contemporaneous objections to instructions to preserve claims of instruction error, but the court also cautioned that "failure to raise the issue during trial or to request a modification may be considered in determining whether a variation from MAI is prejudicial." *Hudson*, 668 S.W.2d at 71–72. The emphasis in *Hudson* was on the instruction which is "abstractly erroneous," that is, a technical deviation from MAI.

*Fowler* continued in the same vein in a case where the deviation from MAI consisted of substituting the words "a very careful * * * person" for the MAI language, "an ordinarily careful * * * person." The defendant failed to object to the instruction during trial and the court found the difference in language was not a defect of substance with the substantial potential for prejudicial effect. Commenting on the effect of the civil rule, the opinion stated, "Lawyers take a chance in deliberate silence in the face of error, inasmuch as Rule 70.02(c) does not command reversal simply because there is a deviation from MAI." *Fowler*, 673 S.W.2d at 757. *Cornell v. Texaco, Inc.*, 712 S.W.2d 680 (Mo.banc 1986), is the most recent case from the Missouri Supreme Court, as of this date, which makes reference to the waiver of instruction error issue. In that case, the error was in the use of two identical affirmative defense instructions on comparative fault, one for each defendant. MAI does not address this question and therefore, the error did not constitute a deviation from MAI as was the case in *Hudson* and *Fowler*. The issue was whether the instructions were compatible with the theory of pure comparative fault. The opinion held they were not because they directed the jury to compare plaintiff's negligence first with that of defendant A and then again with the negligence of defendant B. Under pure comparative fault, plaintiff's negligence is compared with the cumulative negligence of all defendants.

Having concluded that the instructions were in error, the court then moved to consider whether the error prejudiced plaintiff. Examination of the entire opinion leads to the conclusion that the decisive factor in the holding that the error was not prejudicial lay in the jury verdict which was for one defendant and against the other. The court stated that this result tended to show a discriminating jury not misled or confused by the instructions. The jury could not have been misdirected by the separate affirmative defense instructions on comparative fault because comparative fault was an issue with only one defendant.

*Cornell* does make reference to *Hudson v. Carr, supra*, and the proposition that failure of a party to object during trial to an erroneous instruction may be considered on appeal in determining whether the erroneous instruction was prejudicial to that party. *Cornell*, 712 S.W.2d at 682. Although the appellant in *Cornell* did not object to the instructions during trial, waiver was not the ground for decision. Instead, as noted above, the absence of prejudice was a conclusion drawn from the content of the verdicts. *Cornell* does not stand for the naked proposition, advocated by appellant here, that failure to object during trial waives all instruction error.

It must be acknowledged that some cases, notably *Points v. Dzur*, 713 S.W.2d 634, 635 (Mo.App.1986); *Declue by Declue v. Murrell*, 717 S.W.2d 237, 239 (Mo.App. 1986); and *Pettet v. Bieterman*, 718 S.W. 2d 188, 192 (Mo.App.1986), contain language which interprets *Hudson* and *Fowler* as repudiating Rule 70.03 and establishing in its place a rule of absolute waiver. If so construed, we believe those cases go too far.

In the first place, *Hudson* and *Fowler* speak only of a deviation from MAI and they are therefore inapplicable to a case such as this where the error complained of is the giving of an instruction unsupported by the evidence. *Hudson* and *Fowler* quite reasonably caution that Rule 70.02(c) may not be used to obtain reversal on appeal merely on the ground of a technical devia-

tion from MAI, and that counsel will be well advised to raise objection in time to remedy the defect or risk having their silence deemed indicative of the non-prejudicial nature of the error. Prejudice remains the pivotal issue, however, and even an MAI deviation not objected to during trial may be reversible error if the deviation is demonstrably prejudicial. Failure to object as discussed in *Hudson* and *Fowler* is merely an indicia of non-prejudice which the appellate court is entitled to consider.

Second, during the four years since *Hudson* and *Fowler*, the supreme court has taken no action to withdraw or modify Rule 70.03, as would no doubt have occurred if the privilege not to make contemporaneous objections to instructions were no longer available. The positions taken by appellant here and that apparently adopted in *Points, Declue* and *Pettet*, effectively deny to any litigant the right to rely on Rule 70.03 in any circumstance. We do not deem that to be tenable under the rule making power of the supreme court.

Our colleague, Judge Satz of the Eastern District Court, announced essentially the same views expressed above when he dissented from the majority opinion in *Johnston v. Lerwick*, 738 S.W.2d 868 (Mo.App. 1986) [original opinion reinstated 1987].[1] We agree with the opinion and rationale stated by Judge Satz and disagree with the application of *Cornell* and *Hudson* forming the basis for the decision by the majority in that case.

In the present case, there can be no question that the error in Instruction 7 which submitted propositions not supported by the evidence was an error of substance and was prejudicial to the plaintiffs. Submission of an instruction without evidence to support it is misleading and confusing. *Sheinbein v. First Boston Corp.*, 670 S.W. 2d 872, 878 (Mo.App.1984). Counsel's failure to object during trial does not make the prejudice any less. Rule 70.03 gives counsel the right not to object at trial. As long

as the specific objection is made in the motion for new trial, the matter is preserved for appellate review and preserved prejudicial error necessitates reversal.

■ In a final aspect of the case, appellant contends plaintiff waived the instruction error by "joining issue" with the instruction and thereby indicating approval of the instruction. This argument is drawn from language in *Fowler v. Park*, 673 S.W. 2d at 756, suggesting that use by a party of language in closing argument which is taken from an instruction contended to be erroneous may be looked to as indicative of whether the error had "likely prejudicial impact." The theory is that if the complaining party finds the instruction language appropriate for use in closing argument, or at least does not make argument more difficult, such is one indication the error in the instruction is not prejudicial.

In the present case, plaintiffs' attorney dealt with the erroneous instruction in closing argument as best he could, recognizing that the jury had received the instruction from the court and it could not be ignored. On at least three occasions, plaintiffs' attorney told the jury he recalled no evidence of excessive speed of the bicycle or of failure by David to look where he was going or of the contribution of lack of care on David's part to the cause of the mishap. There is no basis to conclude that plaintiffs adopted the erroneous instruction or that closing argument was indicative of any lack of prejudice in Instruction 7.

For the reasons given, the trial court was correct in declaring the instruction on contributory fault in error and in granting a new trial for that reason.

The judgment is affirmed.

All concur.

---

1. The record indicates that the original opinion in *Johnston* was handed down December 23, 1986 but the supreme court ordered transfer March 17, 1987. The case was retransferred to the court of appeals November 10, 1987 and the original opinion was reinstated. No supreme court approval of the original majority opinion is to be drawn or inferred from this record, only a decision not to review the issues raised by the dissent at that time. We are therefore not bound by supreme court precedent to the view expressed by the majority in *Johnston*.