Rabecca EDWARDS,
Plaintiff–Appellant,

v.

Teresa F. TEETERS and James L.
Miller, Defendants–Respondents.

No. 16214.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 27, 1989.

Motion for Rehearing or to Transfer to
Supreme Court Denied Dec. 19, 1989.

Phillip J. Barkett, Jr., Dempster, Barkett & McClellan, Sikeston, for plaintiff-appellant.

Hyde, Purcell, Wilhoit, Spain, Edmundson and Merrell, Poplar Bluff, for defendant-respondent (Miller).

David M. Remley, Thomasson, Dickerson, Gilbert & Cook, Cape Girardeau, for defendant-respondent (Teeters).

GREENE, Judge.

Plaintiff, Rabecca Edwards, sued defendants, Teresa F. Teeters and James L. Miller, claiming their negligence caused injury and damage to her. Rabecca was injured when a horse she was riding galloped onto Highway 60 in Stoddard County, Missouri, and was struck by an automobile being driven by Teresa. Moments before the collision, Miller had been involved in an argument with Rabecca during which he told her to keep her horse out of his wheat field which bordered the highway. In the lawsuit, Rabecca alleged Miller became loud and abusive, and "spooked" the horse, causing it to bolt toward the highway. Rabecca was unable to gain control of the horse, which ran onto the highway and into the path of Teresa's car. Rabecca was thrown to the pavement in the collision, and suffered multiple injuries.

There was evidence in the case that Rabecca's horse was "green," which meant that it was not fully trained, and that Rabecca was aware that it was skittish and did not always respond properly to the commands of its rider. At the time of the initial encounter with Miller, Rabecca was mounted on the horse, which was grazing at the edge of Miller's wheat field. Miller, who lived at the edge of the field in question, yelled at Rabecca and told her to keep the horse out of his field. At that time, Rabecca was unable to control the horse and it ran out into the field. Rabecca finally got the horse under control and rode him out of the field. Rabecca said that Miller once again began "screaming and hollering and waving his hands," and the horse ran out into another field. When she got the horse under control, she said she dismounted, and led the horse back to the

road. Rabecca then remounted the horse. There was conflicting evidence as to what happened next. Rabecca's version was that Miller began to yell and scream at her again, which caused the horse to take "off in a dead run" toward the highway. Miller's version was that he had already gone back inside his house, and did not know there had been an accident until later. At any rate, when the horse bolted again, for what appears to have been the third time, Rabecca lost both rein. She finally regained the right rein, and was reaching for the left rein when the horse ran out into the highway and into the path of Teresa's automobile.

Rabecca submitted her case against Miller on the theory that he was negligent in frightening the horse, which caused it to bolt, and submitted her case against Teresa on the theory that Teresa failed to keep a proper lookout, and so did not see the horse in time to avoid striking it with her car. At the instruction conference each defendant submitted a comparative fault instruction. Teresa's instruction reads as follows:

### INSTRUCTION NO: 7

In your verdict you must assess a percentage of fault to Plaintiff, whether or not Defendant Teeters was partly at fault if you believe:

First, Plaintiff mounted the horse knowing the horse was agitated to the extent that Plaintiff's ability to control the horse was impaired, and

Second, Plaintiff was thereby negligent, and

Third, such negligence of Plaintiff directly caused or directly contributed to cause any damage Plaintiff may have sustained.

The term 'negligent' or 'negligence' as used in this instruction means the failure to use ordinary care. The phrase 'ordinary care' means that degree of care that an ordinarily careful and prudent person would use under the same or similar circumstances.

Miller's instruction reads as follows:

### INSTRUCTION NO: 8

In your verdict you must assess a percentage of fault to Plaintiff whether or not either Defendant was partly at fault if you believe:

First, either:

Plaintiff failed to properly secure the reins on the horse, or

Plaintiff mounted a horse which she knew or should have known was skittish in close proximity to U.S. Highway 60, and

Second, Plaintiff in any one or more of the respects submitted in paragraph First, was thereby negligent, and

Third, as a direct and proximate result of such negligence, Plaintiff sustained damage.

The term 'negligent' or 'negligence' as used in this Instruction means the failure to use that degree of care that an ordinary careful and prudent person would use under the same or similar circumstances.

Rabecca's attorney objected to the giving of both instructions for the reason that they amounted to a dual submission of the same theory. The objection was overruled and the instructions were given. The jury returned a verdict for both defendants and this appeal followed.

■ On appeal, Rabecca presents a single point relied on of claimed trial court error, which is that the giving of both defense comparative fault instructions violated Missouri law, which holds that if there are multiple defendants, only one affirmative defense comparative fault instruction should be given. Rabecca's version of Missouri law on the point in question is correct. *Cornell v. Texaco, Inc.*, 712 S.W.2d 680, 682 (Mo. banc 1986), declares that in cases where, as here, there are multiple defendants, it is error to submit more than one affirmative defense comparative fault instruction. Under a pure comparative fault system, a plaintiff's negligence is not compared with the negligence of defendant A and then again with defendant B, but rather is compared with the cumulative negligence of all defendants. However, *Cornell* also held that the error in submitting multiple compara-

tive fault instructions is not presumptively prejudicial and in order to reverse a jury verdict because of instructional error, the party challenging the instruction has the burden to show the offending instruction misdirected, misled or confused the jury. Id. at 682. Rabecca has not done so.

The jury, by its verdict, found that Teresa Teeters and James Miller were not guilty of any negligence that caused damage to Rabecca Edwards. Since that is the case, the question of Rabecca's negligence, or lack of it, is irrelevant and any error resulting from the multiple comparative fault instructions could not have been prejudicial. *Roberts v. Obremski*, 761 S.W.2d 291, 292 (Mo.App.1988); *Koch v. Bangert Bros. Road Builders, Inc.*, 697 S.W.2d 315, 317 (Mo.App.1985). Since the jury, by its verdict, never reached the issues raised in Instructions 7 and 8, Rabecca has not met her burden of showing how the instructions in question misdirected, misled or confused the jury. *Cornell* 712 S.W.2d at 682.

The judgment of the trial court is affirmed.

CROW, P.J., and EIFFERT and SCOTT, Special Judges, concur.