Leo M. MULLEN, M.D.,
Plaintiff-Appellant,

v.

George KENNARD, Jr.,
Defendant-Respondent.

No. WD 35107.

Missouri Court of Appeals,
Western District.

June 12, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied July 31, 1984.

Application to Transfer Denied
Sept. 11, 1984.

Leo M. Mullen, M.D., pro se.

Floyd R. Finch, Jr., Kansas City, for defendant-respondent.

Before PRITCHARD, P.J., and SOMER-VILLE and KENNEDY, JJ.

PER CURIAM:

Plaintiff appeals from a judgment of the Circuit Court of Jackson County, denying recovery for alleged personal injuries and property damage. Plaintiff sued for personal injuries and property damage arising from an alleged collision with defendant's automobile. Following a trial before a jury, the jury returned a verdict in favor of the defendant and judgment was entered in

his favor. Plaintiff now appeals alleging error in denial of a motion for continuance and/or joinder with another case and in failing to follow the doctrine of comparative fault.

The judgment is affirmed.

This case involved an alleged collision between two vehicles at the intersection of 68th Terrace and Ward Parkway in Kansas City. The plaintiff, Dr. Leo Mullen, testified that he was driving eastbound on 68th Terrace and attempting to turn north (or left) onto Ward Parkway. As a result, according to Dr. Mullen's testimony, defendant struck his car and caused him to be pitched forward against the dashboard and to sustain various injuries.

On the other hand, defendant testified that indeed he was also proceeding eastbound on 68th Terrace and observed a Cadillac pulled over to the extreme right of 68th Terrace just at the intersection with the northbound lanes of Ward Parkway. Since it appeared to defendant that the Cadillac was parked there with no immediate intention to proceed, the defendant pulled alongside the Cadillac and came to a stop. Observing traffic clear, the defendant pulled out into the northbound lanes of Ward Parkway just as the Cadillac attempted to perform the same turn. The front left portion of the Cadillac collided with the right rear portion of the defendant's car. Defendant got out of his car and talked with the driver of the Cadillac. The damage appeared minimal and each driver agreed to take care of his own damage. The defendant did not take the name of the other driver nor did the other driver take his name. At trial, the defendant was unable to identify Dr. Mullen as the driver, although Dr. Mullen claimed to have obtained the defendant's license number at the scene.

There was conflicting testimony concerning the extent of Dr. Mullen's injuries, if any, caused by his alleged collision with defendant's automobile.

## I

Appellant's first point on appeal is that the trial court abused its discretion in overruling his motion to continue this case and to consolidate it with another, unrelated case, which plaintiff had brought against another party, for another accident, which was pending in another division of the circuit court.

■ The issues raised in this point by appellant have not been properly preserved for appeal since they were not set forth in his motion for new trial. Rule 78.07, *Conchola v. Kraft*, 575 S.W.2d 792, 794 (Mo. App.1978). Further examination of the arguments in his brief shows them to be without merit.

■ Appellant contends that the trial judge abused his discretion in denying his motion for a continuance, and his motion for joinder of this case with another that was then pending. Of course, in order to determine that the trial judge abused his discretion we would have to conclude that reasonable men could not differ about the impropriety of the trial court's action. *Application of George*, 630 S.W.2d 614 (Mo. App.1982). Appellant complains that the trial judge should have granted the continuance because he was without funds to hire an attorney. However, appellant commenced his action, in associate circuit court, July 17, 1979, and has proceeded pro se at all times. The judge did not abuse his discretion in allowing the proceedings to continue at the time of trial because appellant had not retained counsel. Further, this matter had been specially set for trial on the date it was tried (May 2 and 3, 1983) since January 27, 1983. Thus, appellant had over three months to be ready for trial. Clearly, the trial court did not abuse its discretion in overruling the motion for continuance. *Inloes v. Inloes*, 567 S.W.2d 732 (Mo.App.1978).

## II

In his next point, appellant asserts that the trial court erred in instructing the jury concerning contributory negligence and that the trial court should have instructed the jury concerning comparative fault.

In this point appellant argues that the principles of comparative fault set forth in *Gustafson v. Benda,* 661 S.W.2d 11 (Mo. banc 1983), should be made applicable to this case. However, the Supreme Court in its decision in that case stated that "comparative fault shall apply only in cases in which the trial begins after the date of the publication of this opinion in the advance sheets of the Southwestern Reporter." 661 S.W.2d at 15. *Gustafson* was reported in the advance sheets dated January 31, 1984. The case before us was tried on May 2 and 3, 1983. *Gustafson* is not applicable to this case.

### III

 The appellant has orally argued other allegations of trial error, which we have examined for plain error. They are a challenge to the defendant's credibility as a witness, but this is not reviewable in this court. The credibility of witnesses is solely for the trier of fact.

### IV

Respondent has moved for an award of damages for a frivolous appeal. Rule 84.19. A frivolous appeal is "one presenting no justiciable question and so readily recognizable as devoid of merit on fact of record that there is little prospect that it can every succeed." *State ex rel. State Highway Commission v. Sheets,* 483 S.W.2d 783 (Mo.App.1972). Regarding the matter of the motion for continuance or joinder, appellant failed properly to preserve the issue for appeal by raising the matter in either of his two post-trial motions. Further, appellant cited no case supporting his position that the judge abused his discretion in overruling the motion. Indeed, in all of the cases cited by appellant on this point, the appellate court upheld the trial court's denial of continuance requests. Regarding the issue of comparative fault, it is self-evident to any reader of the *Gustafson* decision that it does not apply to this case. Both points are patently frivolous.

In considering the appropriate amount of damages to be assessed against appellant, we have considered the fact that this appeal has occupied time and space on this court's docket which could have well been spent on other, meritorious cases, as well as its unwarranted burden on respondent and his counsel. We conclude that damages in the amount of $1,000 would be just and proper in this case, for which sum we direct the entry of judgment by the trial court. The cause is remanded.