Adrienne HICKS, Plaintiff-Appellant,

v.

Clarence SMITH and ITT–Grinnell Corporation, Defendants-Respondents.

No. 48552.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 27, 1985.

Lloyd J. Jordan, Bussey & Jordan, St. Louis, for plaintiff-appellant.

Stephen M. Glassman, Clayton, and Ronald C. Willenbrock, Amelung, Wulff & Willenbrock, St. Louis, for defendants-respondents.

CARL R. GAERTNER, Judge.

Plaintiff appeals from a judgment entered on a jury verdict in favor of defendants, claiming both instructional error and error in failing to admit certain evidence at trial. We affirm.

On October 5, 1981, plaintiff Adrienne Hicks, who was a passenger in an automobile driven by Maurice Butler, sustained injuries when Butler's car collided with a truck owned by defendant ITT–Grinnell Corporation and operated by its employee, defendant Clarence Smith. The incident occurred at Jefferson and Cass Avenues, an intersection controlled by electric traffic signals. Butler was northbound and Smith was eastbound, both drivers claiming they had the green light in their favor when the incident occurred. At trial plaintiff submitted her case with instructions to find in her favor if the jury believed Smith violated the traffic signal. Defendants in turn gave a converse instruction that the jury should find for defendants unless they believed Smith violated the traffic signal. The jury found for defendants.

In her first point plaintiff claims that the trial court erred in improperly instructing the jury on an imputed contributory negligence theory. This contention is totally refuted by the record as no contributory negligence instruction was given. The sole defense instruction was a true converse, MAI 33.03(1). In an effort to impute Butler's negligence to plaintiff, defendants pleaded that plaintiff and Butler were joint venturers. The court rejected this theory and refused to give either a contributory negligence or a comparative fault instruction.

Plaintiff argues the court should have instructed on comparative negligence, relying on *Gustafson v. Benda*, 661 S.W.2d 11 (Mo. banc 1983), which eliminated the defense of contributory negligence in favor of the doctrine of comparative fault. Clearly, that case has no bearing on plaintiff's argument that where the plaintiff-passenger was totally without fault, the court should have instructed the jury to apportion the relative fault as between Butler, the driver of the automobile, and the named defendants. The issue of apportionment of relative fault was neither raised by the pleadings nor addressed in any fashion during trial. Moreover, no request for an apportionment instruction was made to the trial court. A party will not be heard to complain of the failure to give an instruction not requested in the trial court. *Sullivan v. KSD–KSD–TV*, 661 S.W.2d 49, 51 (Mo.App.1983). Point denied.

Plaintiff next asserts error on the part of the trial court in refusing to admit into evidence the police report relating to the accident. The investigating officer who made the report was called as plaintiff's witness. The officer, aided by refer-

ence to his report, testified to his observations at the scene and to statements made by plaintiff, Smith and Butler. Efforts by plaintiff's attorney to have the officer testify as to statements made by an uninvolved eye-witness were prevented by objections on the part of counsel for the defendants. At the conclusion of the officer's testimony, plaintiff's attorney asked the court to admit the entire police report into evidence. On objection by counsel for defendants, the court stated "I'll withhold my ruling." Searching the transcript we find no further mention of the report. "It is the duty of the appellant, plaintiff here, to obtain a specific and final ruling." *Warmsley v. Jackson*, 624 S.W.2d 499, 500 (Mo.App. 1981). Absent a final ruling nothing is preserved for appellate review. *Id.* While much of the report's contents was in evidence by virtue of the officer's testimony, we have not been furnished with a copy of the report nor does plaintiff suggest what admissible evidence contained in the remaining portions might be of such benefit to plaintiff's case that its exclusion was prejudicial. Moreover, it would be an unusual case in which a police report in its entirety is admissible in evidence. Indeed, plaintiff cites no authority for such a contention, but contents herself with abstract statements relating to the erroneous exclusion of competent and relevant evidence. Point denied.

Plaintiff also argues the trial court erred by including factual information while reading Instruction No. 9 to the jury thereby confusing, misleading and misdirecting the jury in a material matter of law. Since we are not told and the record fails to reveal what "factual information" was included, we are unable to fathom the nature of plaintiff's complaint. In addition, plaintiff's brief does not direct us to any reference in the transcript of the record on appeal wherein such information might be disclosed. Our search of the record does reveal that the trial judge interrupted his reading of Instruction No. 9 and called for a bench conference, the subject of which is also unknown to us. The court then proceeded to accurately read Instruction No. 9

to the jury. Nowhere are we informed of any specific statement made to the jury that could be considered confusing, misleading, misdirecting or material. Moreover, no objection was made at the time the instructions were read. In her motion for a new trial plaintiff did include a complaint concerning Instruction No. 9 which is as obtuse as the iteration of abstract principles submitted as her point relied on in her brief. We note the language in Instruction No. 9 mirrors that of the verdict directing instruction in accordance with the directives of MAI 33.01. Point denied.

Finally, defendants request this court to award damages for a frivolous appeal pursuant to Civil Rule 84.19 on the grounds that plaintiff has conducted her appeal in complete violation of Supreme Court rules, and that plaintiff failed to preserve any point for appellate review. We agree and in view of the totally unsupported contentions of error made by plaintiff conclude that to deny defendants' motion herein would constitute an emasculation of Rule 84.19.

■ A "frivolous appeal" has been consistently defined as an appeal presenting no justiciable question and so readily recognizable as devoid of merit that there is little prospect the appeal can ever succeed. *Mullen v. Kennard*, 674 S.W.2d 202, 205 (Mo.App.1984). *Andrews v. Andrews*, 673 S.W.2d 495, 500 (Mo.App.1983); *Bowman v. Burlington Northern, Inc.*, 645 S.W.2d 9, 12 (Mo.App.1982). On the face of the record it is clear plaintiff's appeal is totally without merit and patently frivolous. There was never any prospect plaintiff in this case would prevail on claims of error based on an improper instruction concerning imputed contributory negligence, when no such instruction was given—on refusing to admit a police report in evidence when the record discloses the trial court did not rule upon its offer, or on the inclusion of "factual information" while reading an instruction when such "factual information" is neither disclosed by the record nor described in the briefs.

In determining the appropriate amount of damages to be assessed against plaintiff we also consider the dilatory tactics used by plaintiff's counsel in prosecuting this appeal. *Bowman,* 645 S.W.2d at 13; *Mullen,* 674 S.W.2d at 205. Our records reveal defendants have filed four separate motions to dismiss citing plaintiff's total disregard for the rules governing appellate practice. Specifically, plaintiff neglected to file a statement of the case or a copy of the judgment appealed from when filing the notice of appeal and did not properly request the transcript within thirty days or file the record on appeal within 90 days of said notice of appeal. After two dismissal notices and extensions granting plaintiff approximately 59 extra days in which to file the legal file, plaintiff then failed to include the pleadings upon which the case was tried, a clear violation of Rule 81.12(a), (b). It appears that in an attempt to expedite this case defendants' counsel offered to stipulate as to their inclusion and plaintiff refused. In fact, plaintiff advised defendant to supplement the legal file if he felt it were necessary to do so. We note that defendant, pursuant to Rule 81.12(c) is not obligated to supplement a knowingly and apparently intentionally deficient legal file.

Appellant also received extensions to file her transcript totalling 79 days, such delays caused in part by plaintiff's neglect in failing to request a copy within the proper time period, and a seven day extension in which to file her brief. While extensions of this nature are not uncommon and independently would be no cause for comment, plaintiff's blatant disregard of proper procedure leading to a delay of almost 8 months before briefs were filed and the case set for oral argument cannot and should not be ignored.

We conclude that not only is plaintiff's appeal devoid of merit but that plaintiff has purposefully delayed its submission causing respondents unnecessary expenses and casting an unwarranted burden on respondents, their counsel and this court. We consider appropriate an award of damages to defendants in the sum of $750.00 plus the costs of this appeal. The judgment of the trial court is affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.