Patricia Ann **KOCH**, Ronald Lee Koch, Jr., and Dawn Koch, Plaintiffs-Appellants,

v.

**BANGERT BROTHERS ROAD BUILDERS, INC.,** Millstone Construction, Inc., and Gerstner Electric, Inc., Defendants-Respondents.

No. 48692.

Missouri Court of Appeals, Eastern District, Division Four.

Sept. 3, 1985.

**316**

Irvin L. Ruzicka, St. Louis, for plaintiffs-appellants.

Gerard T. Noce, St. Louis, for Bangert Bros.

Peter B. Hoffman, St. Louis, for Millstone Const.

John Goodwin, St. Louis, for Gerstner Elec.

SNYDER, Judge.

This is a wrongful death action brought by the widow and minor children of the decedent, who was a truck driver for Schnucks Market. He was killed when his truck went into an open gap in the pavement of Interstate Highway 270 in St. Louis County, where the highway was under construction, crossed the median and collided with another truck. A jury found for defendants Bangert Brothers Road Builders, Inc. and Millstone Construction, Inc. A motion for a directed verdict in favor of defendant Gerstner Electric, Inc. was granted at the close of the plaintiffs' case. Judgment was entered accordingly. Plaintiffs appeal from the judgment entered in favor of Bangert and Millstone.

The appeal raises yet another comparative negligence question. If a jury finds for a defendant under an instruction directing the jury to find for the defendant unless they find him negligent, is an error in an instruction assessing a percentage of fault to plaintiff based on his negligence grounds for reversal?

In the Kochs' sole point on appeal they charge that it was error to give instructions for both Bangert and Millstone under which the jury was allowed to assess a percentage of fault to decedent. Appellants argue that the instructions were erroneous, first, because there was insufficient evidence to support a submission of failure to keep a careful lookout; and second, if a submissible case were made, there was insufficient proof that failure to keep a careful lookout was the proximate cause of the accident. The points as they apply to each respondent are denied and the judgment is affirmed.

The decedent was operating a Schnucks Market tractor trailor rig south on I–270 in the early morning of June 15, 1978. A stretch of I–270 near the Cragwold overpass was under construction. A third lane was being added on the inside next to the median. A portion of the new inside lane was already paved, but there was a gap in the new pavement at the Cragwold Road overpass, the gap measuring 22 feet by 12 feet in area and 8 inches deep.

Bangert and Millstone were the general contractors and were responsible for setting up warning signs.

Koch was driving south in the right hand lane of the two completed lanes of the highway followed by a truck driven by another Schnucks driver, Ralph Parker. During a five mile distance when Parker's truck was following Koch's, Parker observed nothing unusual until Koch's truck was 100 to 200 feet north of the Cragwold overpass. At that time the emergency flashers on Koch's truck came on and the truck started moving to the left and decreasing speed. It crossed the second completed lane and then the left front and the

left side of the truck went into the gap in the inside lane under construction, the vehicle bounced, Koch lost control, the truck slid across the median into the north bound lanes and collided with a north bound truck. Koch and a passenger in the northbound truck were dead at the scene.

The Kochs' two points may be consolidated because the claim of error is the same in each; only the respondents are different. The Kochs assert that Instructions No. 9 and No. 12 were erroneous because there was insufficient evidence to support a finding that decedent failed to keep a lookout.

Instruction No. 9 read:

You must assess a percentage of fault to decedent Ronald Koch if you believe:

First, either:

decedent was driving a motor vehicle at a time when decedent was intoxicated to the extent that decedent's driving ability was impaired, or

decedent failed to keep a careful lookout, and

Second,

decedent, in any one or more of the respects submitted in Paragraph First, was thereby negligent, and

Third,

such negligence of decedent directly caused or directly contributed to cause the death of decedent.

Instruction No. 12 was identical but applied to the claim against Millstone.

The cause was tried under the theory of comparative fault. *Gustafson v. Benda,* 661 S.W.2d 11 (Mo. banc 1983). The Kochs' verdict directors instructed the jury that if they found in the Kochs' favor they must assess a percentage of fault to the defendants. In the questioned instructions, numbered 9 and 12, the jury was told that if they believed from the evidence that decedent was negligent they must assess a percentage of fault to him.

The jury found in favor of both defendant Bangert and defendant Millstone under instructions patterned after MAI 33.03(4). Bangert's converse Instruction No. 8 read:

Your verdict must be for defendant unless you believe defendant was negligent as submitted in Instruction No. 7 and as a direct result of such negligence, plaintiffs sustained damage.

Instruction No. 11 was similar except it named Millstone Construction, Inc. and referred to Instruction No. 10.

The jury obviously found that Bangert and Millstone were not guilty of any negligence that caused the damages sustained by the Kochs. Therefore, it follows that any error in the instructions on the decedent's comparative fault was not harmful. If Bangert and Millstone were not negligent, the decedent's negligence or lack of negligence is irrelevant.

This is a novel question since the advent of comparative fault in Missouri. *Gustafson v. Benda, supra.* Bangert and Millstone in their brief point to the novelty of comparative fault and candidly admit they are unaware of any case law directly in point. This court finds itself in a similar position.

There are, however, similar cases in which a jury finding on one instruction renders harmless any error in another instruction. Alleged error in an instruction relating to a husband's loss of consortium claim was cured by the jury verdict against his wife in *Jensen v. Walker,* 496 S.W.2d 317, 320–21[5][6] (Mo.App.1973). The court of appeals held that any error in an instruction on the husband's claim was harmless because the husband's claim was derivative and totally dependent upon recovery by his wife which was denied.

In the case under review the jury found that defendants were not negligent. Mr. Koch's failure to keep a lookout thus became irrelevant. Any error in the lookout instruction was cured by the findings in favor of Bangert and Millstone.

The trial court in a wrongful death case gave an instruction withdrawing from the jury's consideration any evidence of a decedent's pain and suffering. *Sciortino v. MacGee,* 633 S.W.2d 134, 137[7] (Mo.App. 1982) The court of appeals ruled that any error was harmless because the jury re-

**318**

turned a verdict for all defendants. The jury never reached the damage issue.

The jury here never reached the issue of Mr. Koch's failure to keep a lookout. They found for both Bangert and Millstone. Inasmuch as the jury found no negligence on the part of respondents, the question of Koch's failure to keep a lookout became meaningless.

Another case which lends support to respondents' argument that any error in Instructions No. 9 and No. 12 was harmless is *Gant v. Hanks*, 614 S.W.2d 740, 743[1] (Mo.App.1981). In *Gant* a caddy who was struck in the head by a golf ball sued the country club and the golfer for damages for his injuries. The jury returned a verdict in a substantial amount for the caddy and against the country club, but found for the golfer. The caddy appealed from the judgment in favor of the golfer, claiming error in the submission of a contributory negligence instruction.

This court agreed that it was error to fail to define the term "ordinary care" which was used in the contributory negligence instructions of both the golfer and the country club, but that the error was harmless because the jury found for the caddy and against the defendant country club. The court reasoned that the jury, in finding against the country club, necessarily found the caddy free of contributory negligence.

In the case under review the jury found for both defendants, necessarily finding them free of negligence under Instructions No. 8 and No. 11. Because the defendants were not negligent, Koch's negligence was irrelevant and any error in giving the comparative fault instructions was harmless.

The cases cited, *supra*, *Jensen v. Walker*, *Sciortino v. McGee*, and *Gant v. Hanks*, are factually similar to the case under review because they deal with purportedly erroneous or erroneous instructions which are not prejudicial because of jury verdicts which render any error harmless.

This court must assume the jury followed the trial court's instructions in finding for Bangert and Millstone. *Kohler v.*

*McNeary*, 498 S.W.2d 796, 797[2] (Mo. 1973). The jury indisputably found under Instructions No. 8 and No. 11 that neither defendant was negligent. That finding made it unnecessary to consider the question of Koch's comparative fault.

The Kochs rely on *Willis v. Jones*, 89 Ga.App. 824, 81 S.E.2d 517 (Ga.App.1954), but their reliance is misplaced. Even if it were a Missouri case it would not help the Kochs. In *Willis* the appellate court found error because the trial court charged the jury "that, under the comparative-negligence rule and doctrine, the plaintiff would be barred from recovery if the plaintiff was guilty of a failure to exercise ordinary care before his duty to discover and avoid the negligence of the defendant arose," syllabus by the court at page 517. It is difficult to find any reason to apply *Willis* here. The only similarity is that *Willis* was also a comparative fault case.

Inasmuch as the appeal is being decided based on the jury's finding that Bangert and Millstone were not negligent, it is unnecessary to speak to the Kochs' argument that respondents did not make a submissible case on decedent's failure to keep a lookout. Any error was harmless.

The judgment is affirmed.

SMITH, P.J., and SATZ, J., concur.