**Chris J. HYMAN, Plaintiff-Appellant,**

**v.**

**Jennifer D. ROBINSON, Defendant-Respondent.**

**No. 50591.**

Missouri Court of Appeals, Eastern District, Division One.

July 29, 1986.

James S. Collins, II, St. Louis, for plaintiff-appellant.

Paul Hetterman, St. Louis, for defendant-respondent.

SMITH, Judge.

Plaintiff appeals from a verdict and judgment against him in a personal injury suit. We affirm.

Plaintiff, a paramedic, was a passenger in an ambulance which collided with defendant's vehicle at an intersection in the City of St. Louis. Plaintiff's evidence would support a conclusion that the ambulance slowed before it entered the intersection, that it entered the intersection on a green light and that its lights and siren were functional and operating at the time. Defendant's evidence was that the siren was not operating and that the ambulance entered the intersection at high speed on a red light. There was also evidence that the driver and passenger of this ambulance service operate as a two man crew. Plaintiff produced evidence challenging joint operation by the driver and passenger.

The trial court submitted MAI–32.01(1) modified, authorizing assessment of a percentage fault against plaintiff if the jury believed plaintiff failed to activate the siren while approaching the intersection knowing, actually or constructively, that the electric signal was red. Plaintiff on this appeal challenges the submission of that instruction on the basis it was unsupported by evidence. We need not reach that issue. In *Koch v. Bangert Bros. Road Builders, Inc.*, 697 S.W.2d 315 (Mo. App.1985), we held that under the comparative negligence doctrine now effective in this state, an error in giving a comparative fault instruction is harmless if the jury found no negligence on the part of the defendant. The change in the legal significance of the plaintiff's fault from absolute preclusion of his claim under prior law to a basis for apportioning damages under the present law, means that an erroneously given instruction on plaintiff's negligence is of no significance unless the jury finds the defendant negligent. Until that has occurred the jury has no reason to consider the plaintiff's negligence. If the instruction here was erroneous, its submission was harmless.

Plaintiff also complains of the action of the trial court in allowing defendant to read Sec. 300.140 RSMo. to the jury. Sec. 300.140 is a model traffic ordinance which may be adopted by municipalities. Sec. 300.600. The general rule is that courts cannot take judicial notice of city ordinances. *Harris v. Lane*, 379 S.W.2d 635 (Mo.App.1964) [8]. No evidence was adduced that section 300.010 et seq. or any part thereof had been adopted by the City of St. Louis. But plaintiff's contention is curious. During his case he requested that the court take judicial notice of Sec. 300.-100 and read that section concerning emergency vehicles to the jury. There was no

**302**

evidence that that section had been adopted by the City. The section read by defendant was related to that read by plaintiff and did not add anything of consequence to the obligations of an emergency vehicle driver. Whatever objection existed to the statute was waived by plaintiff's action in introducing and reading Sec. 300.100. Plaintiff also contends that the ordinance was irrelevant because he was a passenger and not bound by the provisions of the statute. Defendant was entitled to establish that the proximate cause of the accident was the ambulance driver's negligence. *Uder v. Missouri Farmers Association, Inc.,* 668 S.W.2d 82 (Mo.App.1983) [4]; *Coffel v. Spradley,* 495 S.W.2d 735 (Mo.App.1973) [7–10]. The statute was relevant for that purpose and must have been so considered by plaintiff for the only purpose to be served by reading Sec. 300.100 was to establish the ambulance driver was not negligent.

Judgment affirmed.

SNYDER, C.J., and CARL R. GAERTNER, P.J., concur.