**Barbara A. GUTHRIE,**
**Plaintiff–Appellant,**

v.

**BROWN QUARRIES, INC. and Janet**
**Sue Brown, Defendants–Respondents.**

No. 52163.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 27, 1987.

Motion for Rehearing and/or Transfer
Denied Dec. 2, 1987.

Application to Transfer Denied
Jan. 20, 1988.

James S. Collins II, St. Louis, for plaintiff-appellant.

I.I. Lamke, Washington, for defendants-respondents.

REINHARD, Judge.

Plaintiff appeals from a judgment entered on a jury verdict for defendant in a personal injury suit. We affirm.

A school bus driven by plaintiff collided with a pickup truck, owned by Brown Quarries, Inc., and operated by its officer and employee Janet Sue Brown, at the intersection of Highway 47 and Highway 100 in Franklin County, Missouri, on March 13, 1979. Plaintiff was traveling north on Highway 47, approaching the intersection. Defendant Janet Brown was driving east on Highway 100. The intersection was controlled by a traffic light.

Plaintiff testified that she was going thirty-five miles per hour in fifth gear and that the traffic light was green as she approached the intersection. Approximately three bus-lengths from the intersection she said she saw defendant's vehicle approaching the intersection, and it appeared to be going about fifty miles an hour. She stepped on the brake and downshifted to

fourth gear, but the bus hit the pickup near its rear tire. At the point of impact she was in the northbound lane of Highway 47 and defendant was in the eastbound lane of Highway 100. As a result of the collision plaintiff injured her neck and right shoulder.

Defendant Janet Brown stated that she did not know what color the light was before or after the accident. She testified that she had been stopped behind two other vehicles at the intersection. After those vehicles turned right, she moved into the intersection at about five miles per hour. She saw the bus approaching the intersection, but she continued driving east, and the bus hit her pickup. The jury returned a verdict for both defendants, finding them not negligent.

█ In her first point, plaintiff argues the trial court erred in submitting Instruction No. 9 to the jury because it was not supported by the evidence. The challenged instruction, which allowed the jury to assess a percentage of fault to plaintiff, reads as follows:

> You must assess a percentage of fault to plaintiff Barbara A. Guthrie if you believe:
>
> First, plaintiff Barbara A. Guthrie knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to have stopped, or swerved, or slackened her speed and swerved, but plaintiff Barbara A. Guthrie failed to do so, and
>
> Second, plaintiff Barbara A. Guthrie was thereby negligent, and
>
> Third, as a direct result of such negligence plaintiff Barbara A. Guthrie sustained damage.

█ Without reciting all the evidence, we conclude that the court erred because there was insufficient evidence to support the failure-to-stop portion of the instruction. However, this court has held, in *Koch v. Bangert Brothers Road Builders, Inc.*, 697 S.W.2d 315 (Mo.App.1985), and

*Hyman v. Robinson*, 713 S.W.2d 300 (Mo. App.1986), that error in instructing on an assessment of fault against the plaintiff is harmless if the jury finds the defendant was not negligent. Plaintiff asks us to reconsider these cases, claiming that the erroneous instruction on assessing her fault and defendant's argument thereon were prejudicial. Plaintiff's argument is persuasive, but our reading of *Cornell v. Texaco, Inc.*, 712 S.W.2d 680 (Mo. banc 1986), and *Barnes v. Tools & Machinery Builders, Inc.*, 715 S.W.2d 518 (Mo. banc 1986), leads us to conclude that the supreme court has adopted the rationale of *Koch*.[1] Point denied.

Plaintiff also contends the trial court erred in overruling her objection to a portion of the defendant's closing argument. We have examined the entire argument and find that the trial court did not commit prejudicial error.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.

---

**1.** We note that there was no review of *Koch* or *Hyman* because appellants in those cases did not file motions for rehearing or transfer nor applications for transfer.