**Henrietta MONTEITH,**
**Plaintiff/Appellant,**

v.

**Shelly Maria CUNDALL,**
**Defendant/Respondent.**

**No. 60522.**

Missouri Court of Appeals,
Eastern District,
Southern Division.

April 14, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
May 19, 1992.

Application to Transfer Denied
June 30, 1992.

David J. Roth II, Lowes & Drusch, Cape Girardeau, for plaintiff-appellant.

John L. Cook, Thomasson, Dickerson, Gilbert & Cook, Cape Girardeau, for defendant-respondent.

REINHARD, Judge.

Plaintiff appeals from a judgment entered on a jury verdict in favor of defendant in a personal injury suit. We affirm.

Around dusk on March 4, 1990, plaintiff and defendant were driving in opposite directions on Highway 72 in Cape Girardeau County. Plaintiff was driving east; defendant was traveling west. Plaintiff, an 81–year–old woman, testified that she saw two sets of headlights coming toward her, side by side. She pulled her car toward the right shoulder of the road. Defendant's car struck plaintiff's car. Plaintiff further testified that she did not brake her car before the collision.

Defendant testified that she saw headlights coming toward her in her westbound lane. She glanced to her right and saw only a slope and some trees. Consequently, she pulled her car to her left toward the eastbound lane to try to avoid the oncoming car. According to defendant, the collision occurred in the center of the road. She testified that she had not been passing another vehicle.

The investigating officer, Missouri Highway Patrol Trooper Clark, testified for defendant. He stated that he arrived on the scene about 6:45 p.m. on the evening in question and observed various skid marks. He believed defendant's right front wheel left a skid mark originating in the westbound lane and ending about 1½ feet north of the center of the road. A skid mark he believed to be from the left front (or driver's side) of defendant's car "was more in the eastbound lane." The driver's side of defendant's vehicle ended up in the eastbound lane. The trooper also found what he believed to be tire marks left by plaintiff's car resulting from the impact of being thrown backward by the collision, but no skid marks.[1]

Defendant initially pleaded comparative fault, alleging that plaintiff was contributorily negligent. Defendant professed to abandon this theory before instructions were given to the jury. Plaintiff initially tendered a comparative fault verdict director[2] and the MAI comparative fault verdict form, which requires the jury to assess a percentage of fault to each of the parties.[3] The court submitted both of these to the jury.

Defendant did not tender a comparative fault-affirmative defense instruction articulating what acts by plaintiff would constitute fault. The court asked plaintiff's at-

1. We cannot tell from the record of the trooper's testimony where these tire marks were located in relation to the center or the shoulder of the road. An exhibit used to illustrate their location at trial was not filed on appeal.

2. The verdict director, based on MAI 17.01, 17.13 & 37.01, stated:

In your verdict you must assess a percentage of fault to defendant whether or not plaintiff was partly at fault if you believe:

First, defendant's automobile was on the wrong side of the road, and

Second, defendant was thereby negligent, and

Third, as a direct result of such negligence plaintiff sustained damage.

3. The verdict form, based on MAI 37.07, stated as follows:

VERDICT ____

Note: Complete the following paragraph by filling in the blanks as required by your verdict. If you assess a percentage of fault to any of those listed below, write in a percentage not greater than 100%, otherwise write in "zero" next to that name. If you assess a percentage of fault to any of those listed below, the total of such percentages must be 100%.

On the claim of plaintiff Henrietta Monteith for personal injury, we, the undersigned jurors, assess percentages of fault as follows:

| Defendant Shelly Marie Cundall | ____% (zero to 100%) |
| Plaintiff Henrietta Monteith | ____% (zero to 100%) |
| Total | ____% (zero OR 100%) |

NOTE: Complete the following paragraph if you assessed a percentage of fault to defendant:

We, the undersigned jurors, find the total amount of plaintiff's damages disregarding any fault on the part of plaintiff to be $____ (stating the amount).

NOTE: The court will reduce the total amount of plaintiff's damages by any percentage of fault you assess to plaintiff.

NOTE: All jurors who agree to the above must sign below.

torney if he wished to offer such an instruction. He declined to do so, stating that he did not wish to tender an instruction against his client.

At this point, plaintiff orally offered an amended verdict form which redacted the portion of the form submitted which required assessment of plaintiff's percentage of fault.[4] The court rejected this offer and held that use of the form would be a presumptively prejudicial deviation from the comparative fault verdict form approved by the Supreme Court.

The jury found each party to be 0% at fault and found that plaintiff sustained $0 in damages. This appeal followed.

On appeal, plaintiff contends the trial court erred in rejecting the orally tendered verdict form and in failing to submit an "affirmative defense" instruction. Plaintiff asserts that without submission of such an instruction to the jury, the jury was given a "roving commission" to find fault with plaintiff.[5] Relying on *Earll v. Consolidated Aluminum Corp.*, 714 S.W.2d 932 (Mo.App.1986), she argues that, contrary to the prior law of contributory negligence, the application of comparative fault cannot be unilaterally determined by one party. *See id.* at 936. Although *Earll* was ultimately decided upon other grounds[6], plaintiff relies upon language in *Earll* which states that:

... where there is evidence that the conduct of both parties combined and contributed to cause damage, the fact finder should not be precluded from comparing the respective contributions toward such causation made by each. Because the benefits flowing from such an approach are mutual, its application should not be determined by any one party. Rather, the determinative factor is the evidence. "All instructions ... shall be given or

refused by the court according to the law and the evidence in the case." Rule 70.-02(a).... in a negligence case, where there is evidence from which a jury could find that plaintiff's conduct was a contributing cause of his damages, unless the parties agree otherwise, the case should be submitted to the jury under the instructions and verdict forms approved by the Supreme Court for use in comparative fault cases regardless of whether the defendant submits an affirmative defense instruction or not.

*Id.* at 936–37.

■ In light of the verdict in this case, we find no prejudice in the failure to give an affirmative defense instruction. The jury found no fault against defendant, which precluded a recovery regardless of the fault attributed to plaintiff. This determination is fully supported by Missouri case law. In *Koch v. Bangert Bros. Road Builders, Inc.*, 697 S.W.2d 315 (Mo.App. 1985), the losing plaintiff claimed prejudice resulting from an allegedly erroneous comparative negligence-affirmative defense instruction. This court held that:

The jury obviously found that Bangert and Millstone were not guilty of any negligence that caused the damages sustained by the Kochs. Therefore, it follows that any error in the instructions on the decedent's comparative fault was not harmful. If Bangert and Millstone were not negligent, the decedent's negligence or lack of negligence is irrelevant.

*Koch* at 317. The holding in *Koch* has been adopted by the Missouri Supreme Court in the cases of *Cornell v. Texaco, Inc.*, 712 S.W.2d 680 (Mo. banc 1986) and *Barnes v. Tools & Machinery Builders, Inc.*, 715 S.W.2d 518 (Mo. banc 1986). *See also Guthrie v. Brown Quarries, Inc.*, 741 S.W.2d 738 (Mo.App.1987).

---

4. Plaintiff's proffered verdict form would still have required the jury to assess a percentage of fault from zero to 100 to defendant and a total percentage of fault of zero *or* 100.

5. Both trial attorneys and the trial judge stated that they agreed that the instructions as submitted constituted such a roving commission. However, they could not agree upon whose responsibility it was to submit the affirmative

defense instruction when the defendant did not wish to do so.

6. Because *Earll* was a strict products liability case, comparative fault was held not to apply and the instructions of the trial court were upheld. *See Earll* at 937; *Lippard v. Houdaille Industries, Inc.*, 715 S.W.2d 491 (Mo. banc 1986).

469

addition, under the law any party may abandon any pleading prior to submission. *See Shepard v. Harris*, 329 S.W.2d 1, 6–7 (Mo. banc 1959) and cases cited therein.[7] Defendant abandoned her affirmative defense of comparative fault in this case.[8] She had a right to do so. It then became the responsibility of the plaintiff to submit an affirmative defense instruction on her behalf if she wished for the jury to be instructed on the matter. By failing to submit an instruction to the court, a litigant waives any objection to the failure of the court to give such an instruction. *Henderson v. Terminal R.R. Ass'n*, 736 S.W.2d 594, 599 (Mo.App.1987); *Hicks v. Smith*, 696 S.W.2d 855, 856 (Mo.App. 1985).

Because plaintiff suffered no prejudice, we need not determine whether the verdict form used here was proper. In any event, we note the verdict form submitted by the court was approved by the Supreme Court in MAI. *See* MAI 37.07.

Judgment affirmed.

CARL R. GAERTNER, C.J., and CRIST, J., concur.

---

7. While *Shepard* was decided under the law of contributory negligence and does not apply to comparative negligence, *see Earll* at 935, its reasoning on this well-established point is still valid as to *defendant's* abandonment of the issue. In the context of comparative fault, however, the issue is not removed from the case if the *plaintiff* chooses to submit it and the court agrees, due to the policy of mutuality discussed above. *See also* Rule 70.02. Thus, the defendant may not *unilaterally* abandon the issue by not submitting it. *Earll* at 936–37.

8. Defendant argued instead that plaintiff was the "sole cause" of the accident because she was in the wrong lane and that defendant was not negligent by crossing the center line to avoid her. This defense purports to contravene the causation and negligence elements of plaintiff's cause of action rather than asserting an affirmative defense. Defendant did not submit any jury instructions.