Bernard DUREN, Respondent,

v.

Ohmer KUNKEL, Jr., Appellant.

No. WD 46278.

Missouri Court of Appeals,
Western District.

Feb. 2, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 30, 1993.

Ralph Max Humphreys, Jefferson City, for appellant.

James J. Wheeler, Keytesville, for respondent.

Before SMART, P.J., and SHANGLER and FENNER, JJ.

FENNER, Judge.

Appellant, Ohmer Kunkel, Jr., appeals from the trial court's order granting respondent, Bernard Duren, a new trial.

This is the second appeal by the parties herein. The underlying cause was originally tried in October of 1989. In the first trial the jury returned a verdict assessing fault at 50% to each party and determining Duren's damages at $200,000.

In the underlying cause, Duren brought suit against Kunkel as a result of his being injured by Kunkel's bull. Duren and Kunkel were neighboring farmers who had a habit of swapping work on each other's farms. On July 27, 1987, Duren was helping Kunkel work his calves. The calves were driven into a corral, the cows were separated out, and the bull in question was left in with the calves. The calves were placed in a chute, one at a time, where fifteen to twenty of them were castrated with the blood running onto the ground.

When the work with the calves was finished, Kunkel told Duren to move the bull out of the corral while Kunkel and another helper went to get the cows. As Duren brought the bull past the chute where the calves had been castrated, the bull turned on him, striking him and knocking him unconscious. Duren suffered significant injuries.

The original verdict was appealed and subsequently transferred to the Missouri Supreme Court which court reversed and remanded for retrial on the issue of liability only. See *Duren v. Kunkel*, 814 S.W.2d 935 (Mo. banc 1991) (hereinafter referred to as *Duren I*).

On January 27, 1992, the second jury trial was held pursuant to remand from the Missouri Supreme Court. The jury returned a verdict assessing zero fault to Kunkel and zero fault to Duren. Duren filed a motion for new trial alleging: (1) errors on voir dire, however, Duren has not included these matters in the transcript on appeal; (2) error in refusal to give "Instruction A," which instruction was Duren's verdict director for failure to provide a safe place to work; (3) error in the giving of Instruction No. 9, which instructed the jury on Duren's comparative fault; and (4) that the verdict was against the weight of the evidence.

The trial court granted Duren's Motion For New Trial finding plain error in Instructions No. 7, Duren's verdict director against Kunkel, and No. 9, Kunkel's comparative fault against Duren. The trial court found that Instructions No. 7 and 9

failed to fully submit the issue of negligence.

Duren's verdict director was submitted to the jury as follows:

### Instruction No. 7

In your verdict you must assess a percentage of fault to [Kunkel], whether or not [Duren] was partly at fault, if you believe:

First, the bull described in evidence could not be driven past a bloody area by one man with reasonable safety, and

Second, [Kunkel] knew or by the use of ordinary care should have known of this condition, and

Third, [Kunkel] failed to use ordinary care to provide adequate help to move the bull.

Kunkel's comparative fault against Duren was submitted to the jury as follows:

### Instruction No. 9

In your verdict you must assess a percentage of fault to [Duren] if you believe:

First, [Duren] attempted to move the bull without assistance past a bloody area when he knew or should have known that moving the bull without assistance past a bloody area was not reasonably safe, and

Second, [Duren] failed to use ordinary care in moving the bull.

The trial court found plain error by Instructions No. 7 and 9 failing to submit causation language as required under MAI 32.28 [1989 New] paragraph Third. MAI 32.28 [1989 New] reads as follows:

In your verdict you must assess a percentage of fault to plaintiff if you believe:

First, plaintiff knew or by using ordinary care should have known ..., and

Second, plaintiff failed to use ordinary care ..., and

Third, such failure directly caused or directly contributed to cause any damage plaintiff may have sustained.

The trial court further found that Instruction No. 9 omitted the requirement of

Duren's use of ordinary care, as required under paragraph first of MAI 32.28 [1989 New]. In this regard, the trial court determined that Instruction No. 9, as given, instructed the jury that Duren should have known, but did not instruct the jury how Duren should have known, which is by the use of ordinary care. The trial court found that said omission in paragraph first of Instruction No. 9 made the instruction meaningless, because the jury has not been instructed that Plaintiff was required to use ordinary care in knowing that moving the bull without assistance past a bloody area was not reasonably safe.

■ In regard to Instruction No. 7, Kunkel argues on appeal that Duren waived any right he had to complain of said instruction by tendering the instruction to the trial court. We agree.

■ A party waives his right to complain of an instruction he offers. *Collins v. Price*, 813 S.W.2d 46, 48 (Mo.App.1991). Therefore, there is no plain error in favor of a party on the basis of an instruction offered by said party. Duren is not entitled to a new trial on the basis of an instruction he offered being erroneous.

■ In regard to Instruction No. 9, Kunkel argues on appeal that since damages were not in issue pursuant to the remand from the Missouri Supreme Court and because the jury assessed no fault against Duren, that even if the instruction was erroneous any error would be harmless.

Once again, Instruction No. 9 as submitted to the jury was as follows:

### Instruction No. 9

In your verdict you must assess a percentage of fault to [Duren] if you believe:

First, [Duren] attempted to move the bull without assistance past a bloody area when he knew or should have known that moving the bull without assistance past a bloody area was not reasonably safe, and

Second, [Duren] failed to use ordinary care in moving the bull.

The question of whether or not the conduct hypothesized in the instruction caused or contributed to cause any damage was not submitted to the jury nor was the jury instructed that Duren should have "by the use of ordinary care" known that moving the bull past a bloody area was not reasonably safe.

■ Under comparative negligence in Missouri any error in giving a comparative fault instruction is harmless if the jury finds no negligence on the part of the defendant. *Hyman v. Robinson*, 713 S.W.2d 300, 301 (Mo.App.1986). Furthermore, only issues of fact which are genuinely in dispute need be submitted to the jury. *Johnson v. Pacific Intermountain Express*, 662 S.W.2d 237, 245 (Mo. banc 1983), *cert. denied*, 466 U.S. 973, 104 S.Ct. 2349, 80 L.Ed.2d 822 (1984). Additionally, a failure to object to an instruction is a factor for consideration in determining the prejudicial effect of an erroneous instruction. *Biermann v. Gus Shaffar Ford, Inc.*, 805 S.W.2d 314, 321 (Mo.App.1991).

In a vacuum, the instruction complained of here would be deficient. However, by the posture of this case on remand from the Missouri Supreme Court eliminating the issue of damages, the fact that the court instructed the jury that damages had been determined in a prior proceeding, the fact that Duren's verdict director failed to hypothesize that Kunkel's conduct caused or contributed to cause any damage to Duren, and the fact that Duren offered no objection to the Instruction No. 9 on the grounds addressed herein at the time of submission, all exhibit that the parties waived each against the other the necessity for the jury to find that their conduct caused or contributed to cause any damage. Furthermore, since the jury found that defendant Kunkel was not at fault, thereby absolving him of any negligence, any error in the comparative fault instruction directing a percentage of fault against Duren was harmless regardless of whether it was for failure to submit causation or omission of the language that Duren *by the use of ordinary care* should have known of the danger.

Duren argues that he was entitled to a new trial nonetheless because the trial court erred in refusing his Instruction A.[1]

■ In his Instruction A, Duren was attempting to instruct on Kunkel's failure to provide reasonably safe work conditions. Duren argues that he was entitled to instruct on Kunkel's failure to provide an employee a safe place to work because on remand the Missouri Supreme Court held that "the cause is remanded for a new trial on the issue of negligence based on [Kunkel's] duty to [Duren] as an invitee or employee." *Duren I* at 939.

Duren's proposed Instruction A read as follows:

### Instruction A

In your verdict you must assess a percentage of fault to defendant whether or not plaintiff was partly at fault, if you believe:

First, defendant failed to provide reasonably safe conditions for work by not providing adequate help to move the bull, and

Second, defendant was thereby negligent.

■ A verdict-directing instruction must contain a submission of all essential issues prerequisite to a verdict in favor of the submitting party. *Pijut v. St. Louis Pub. Serv. Co.*, 350 S.W.2d 778, 781 (Mo.1961).

Regardless of any other deficiencies, Instruction A failed to require the jury to find that Duren was an employee of Kunkel which was an essential and contested issue prerequisite to a verdict for Duren. The Missouri Supreme Court did not declare Duren to be an employee of Kunkel in *Duren I.* The court merely held that Duren was entitled to submit, if supported by the evidence, that Kunkel was his employer and as such owed him a duty to provide a safe place to work. *Duren I* at 938–39.

The trial court did not commit error by refusing Instruction A.

The judgment of the trial court granting a new trial is reversed. This cause is remanded to the trial court with directions to reinstate the jury's verdict.

All concur.

---

1. On appeal of a grant of a motion for new trial, the movant is not confined to the reasons given by the court in sustaining the motion, but can show that there were other grounds contained in the motion upon which the motion should have been sustained. *Overton v. Tesson,* 355 S.W.2d 909, 913 (Mo.1962).