M.A.B., Respondent,

v.

Kenneth R. NICELY, Appellant.

No. 77876.

Supreme Court of Missouri,
En Banc.

Nov. 21, 1995.

Donald F. Martin, Overland Park, Kansas, Martin J. Maxwell, Kansas City, for appellant.

Dan Curtis, Kansas City, John C. Risjord, Aaron N. Woods, Overland Park, Kansas, for respondent.

Timothy J. Gallagher, St. Louis, for amicus curiae Missouri Organization of Defense Lawyers.

COVINGTON, Judge.

Kenneth R. Nicely appeals from a 1991 civil judgment in the amount of $100,000.00 rendered against him after a jury found that he negligently engaged in sexual activity with the plaintiff. He alleges that the trial court erroneously: (1) allowed M.A.B. to impeach Nicely by introducing evidence of his 1990 Alford [1] plea to one count of sodomy entered in the criminal case involving the same facts; (2) submitted a negligence jury instruction rather than an intentional tort instruction; (3) excluded testimony of Nicely's witness which he intended to use to impeach the testimony of M.A.B.'s witness; and (4) allowed M.A.B. to read from the deposition of Nicely's medical witness to impeach the witness' inconsistent trial testimony. The Missouri Court of Appeals, Western District, affirmed the judgment of the trial court. This Court granted transfer. The judgment

---

**1.** An Alford plea is a plea of guilty based upon principles enunciated in *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). *Alford* held that where there is strong evidence of guilt, a defendant is not constitutionally required to admit commission of the criminal act to plead guilty, but may enter the plea based on his belief that he would receive a greater sentence if he were to stand trial than he would through a plea bargain agreement. *Id.* at 37–38, 91 S.Ct. at 167–68; *State v. Hunter,* 840 S.W.2d 850, 864 (Mo. banc 1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 3047, 125 L.Ed.2d 732 (1993).

of the trial court is reversed and the cause remanded.

## I.

M.A.B. claimed Nicely molested him numerous times over a period of approximately two years, commencing when M.A.B. was ten years old. In the criminal proceeding the state charged Nicely with six counts of sodomy. Nicely entered an Alford plea to one count of sodomy. The court entered a finding of guilt and suspended the imposition of sentence. M.A.B.'s subsequent civil suit for damages was founded upon facts identical to those that formed the basis of the criminal charges.

In the civil suit Nicely denied all allegations of sexual abuse. He filed a motion in limine seeking to prohibit any evidence regarding any police investigation of the criminal sodomy charges. He also sought to have excluded any evidence regarding the Alford plea. The trial court initially sustained Nicely's motion. When M.A.B. called Nicely to testify, however, M.A.B. sought to impeach Nicely as a convict under section 491.050, RSMo 1994. M.A.B.'s counsel asked Nicely: "[I]sn't it a fact that you were found guilty and convicted of one count of sodomy, a Class B Felony offense?" Nicely answered, "As I understand the law, no, I have not been convicted of that crime." M.A.B.'s counsel was then permitted to read into evidence from a redacted pleading: "It is ordered that Defendant, having been found guilty on this date of the offense of Count I, Sodomy, a Class B Felony, is guilty of said offense." The trial court overruled Nicely's objections and motion for a mistrial.

Nicely's first assertion on appeal is that the trial court erred by allowing M.A.B. to impeach him in the civil proceeding. Nicely contends that because the court in which he entered the Alford plea suspended the imposition of sentence, he has not been convicted for purposes of impeachment under the statute. He is correct.

Section 491.050 provides in pertinent part:

Any person who has been convicted of a crime is, notwithstanding, a competent witness; however, any prior criminal convictions may be proved to affect his credibility in a civil or criminal case and, further, any prior pleas of guilty, pleas of nolo contendere, and findings of guilty may be proved to affect his credibility in a criminal case.

This Court has interpreted section 491.050 to confer an absolute right, in both civil and criminal proceedings, to impeach the credibility of any witness, including the accused, with his or her prior criminal *convictions.* *State v. Giffin,* 640 S.W.2d 128, 132 (Mo. 1982). For purposes of this appeal it is essential to note, however, that where there is no conviction, section 491.050 distinguishes between criminal and civil proceedings. Because this is a civil proceeding, Nicely could be impeached only by proof of a conviction. " 'Convicted' is generally used in its broad and comprehensive sense meaning that a judgment of final condemnation has been pronounced against the accused." *Neibling v. Terry,* 352 Mo. 396, 177 S.W.2d 502, 504 (banc 1944). "Where imposition of sentence has been suspended, there can be no judgment.... The term 'conviction,' standing alone, does not include a plea or finding of guilty where imposition of sentence is suspended." *Yale v. City of Independence,* 846 S.W.2d 193, 194, 195 (Mo. banc 1993); *see also State v. Lynch,* 679 S.W.2d 858, 859–61 (Mo. banc 1984). Because the imposition of sentence was suspended, no conviction was rendered against Nicely in the criminal case. Although a finding of guilty was entered against him, he has not been convicted for purposes of the statute; thus, section 491.050 does not apply.

M.A.B. defends the trial court's ruling through a variety of theories. He cites *State v. LaPlant,* 673 S.W.2d 782, 784 (Mo. banc 1984), and *Lynch,* 679 S.W.2d at 861, in support of an assertion that findings of guilty coupled with a suspended imposition of sentence (SIS) may be used to impeach civil defendants. Those cases are inapplicable because they involve the use of findings of

guilty where sentence has been suspended in subsequent criminal cases.[2]

M.A.B. nevertheless contends that it is "counterlogical" to read the statutory language that allows impeachment through the use of evidence of a finding of guilty in a criminal case to exclude impeachment by these means in a civil case. He is mistaken. When statutory language is clear, courts must give effect to the language as written. *Kearney Special Road District v. County of Clay*, 863 S.W.2d 841, 842 (Mo. banc 1993). Courts are without authority to read into a statute a legislative intent contrary to the intent made evident by the plain language. *Id.* Section 491.050 clearly states that a finding of guilty that does not result in a conviction may be used to impeach a witness only in a criminal case. Had the legislature intended to allow the use of findings of guilty that do not result in convictions to impeach a witness in a civil case, the legislature would not have limited the admission of such findings of guilty to criminal cases. *See Yale*, 846 S.W.2d at 195.

M.A.B. further contends that the finding of guilty is admissible, regardless of section 491.050, as an admission or a declaration against interest. Because M.A.B. did not attempt to introduce evidence of Nicely's Alford plea as an admission or declaration against interest, this Court need not address whether an Alford plea is admissible for those purposes.

M.A.B. additionally asserts that Nicely waived any error in the admission of the criminal finding of guilty by presenting the same or similar evidence to M.A.B.'s introduction of the finding of guilty. M.A.B. cites several cases in support of the proposition that an objection to the admission of evidence is waived where the objecting party elicits or introduces the same or similar evidence. *State v. Schutte Investment Co.*, 334 S.W.2d 241, 246–47 (Mo.1960); *Alvey v. Sears, Roebuck, & Co.*, 360 S.W.2d 231, 234 (Mo.1962); *In re Marriage of Clark*, 801 S.W.2d 496, 499 (Mo.App.1990); *Hyman v. Robinson*, 713 S.W.2d 300, 301–02 (Mo.App.1986); *Dorn v.* *St. Louis Public Service Co.*, 250 S.W.2d 859, 865 (Mo.App.1952).

Before M.A.B. introduced evidence of the finding of guilty, Nicely testified upon direct examination by M.A.B.'s attorney that he had discussed "charges" relating to sex abuse with a therapist. Following introduction of the plea and SIS, Nicely testified concerning his motivation and understanding of the Alford plea and attempted to explain why he had entered it. Nicely testified further that charges were brought against him in 1989 but later dropped. Nicely subsequently called a police detective who investigated the 1989 charges to testify regarding the dates M.A.B. told him the abuse allegedly occurred. The testimony was designed to support Nicely's defense that he could not have committed the alleged abuse on at least one of the dates alleged by M.A.B. because he was at work.

*Schutte, Alvey, Hyman,* and *Dorn* are distinguishable. In each the objecting party was the first to introduce the challenged evidence or issue. *Schutte,* 334 S.W.2d at 246–47; *Alvey,* 360 S.W.2d at 234–35; *Hyman,* 713 S.W.2d at 301–02; *Dorn,* 250 S.W.2d at 865. Prior to the admission of evidence of the 1990 Alford plea and SIS, Nicely made only one brief reference to discussion of "charges" with a sex therapist. The comment was sufficiently vague that it did not serve to "open the door" for the introduction of evidence of the Alford plea and finding of guilty. Furthermore, Nicely strenuously objected to the admission of the plea and SIS as a conviction. After having been ruled against, a party should be permitted to make the best contest he can by offering countervailing evidence, without being put to the hazard of losing the point of his objection. *Bice v. Birk,* 435 S.W.2d 734, 737 (Mo.App.1968); *see also Chester v. Shockley,* 304 S.W.2d 831, 834–35 (Mo.1957); *Jackson v. Jackson,* 875 S.W.2d 590, 591–92 (Mo.App.1994).

---

**2.** *Yale* similarly makes a broad statement that section 491.050 permits the use of pleas of guilty, pleas of *nolo contendere* and findings of guilty for impeachment of a witness. *Yale,* 846 S.W.2d at

195. As in *LaPlant* and *Lynch,* however, *Yale* references the portion of the statute that allows impeachment by these means only in criminal cases.

■ M.A.B.'s reliance on *Clark* is also misplaced. In that case, a dissolution proceeding, the wife's attorney asked the husband's psychiatrist on direct examination whether he knew that the husband had four prior attorneys in the case. The court of appeals found that the husband introduced the same or similar evidence when his attorney asked him the identical question later in the trial. The court further found that the evidence on the collateral issue did not materially affect the outcome of the case. *Clark*, 801 S.W.2d at 499. The same cannot be said here. The evidence presented by Nicely after the admission of the finding of guilty as a conviction was neither the same nor similar to evidence of a conviction. Nicely's testimony was limited to an explanation of the Alford plea and the charges leading to it. The investigating detective's testimony was restricted to his interview of M.A.B.; it did not include evidence of charges, an arrest, a court proceeding, finding of guilty, or, most importantly, a conviction. M.A.B.'s claim of waiver is without merit.

■ Finally, it cannot be said that admission of Nicely's 1990 Alford plea, coupled with a finding of guilty and suspended imposition of sentence, did not materially affect the outcome of the case. The alleged conviction in the 1990 sodomy case was not collateral, but went directly to the central issue in the civil proceeding. The primary evidence in the plaintiff's case was the testimony of M.A.B. himself. The testimony of other witnesses supporting M.A.B.'s allegations was based upon what M.A.B. told them or observations made after M.A.B. reported having been molested. Nicely denied the allegations and presented evidence that he had no contact with M.A.B. at the times the abuse allegedly occurred. In view of the evidence in the case, this Court cannot say that the same result would have followed had evidence of the alleged conviction been excluded. The judgment must be reversed.

## II.

Nicely asserts that the trial court erred in allowing M.A.B. to submit a negligence instruction to the jury because no evidence supported its submission for the reason that

the acts described by M.A.B. were intentional. Because it is unclear what evidence may be adduced upon retrial and what instruction the plaintiff might seek to submit, this Court will refrain from addressing the allegation of error.

## III.

Although the judgment must be reversed on other grounds, the Court addresses Nicely's remaining contentions of error that may recur on retrial.

### A.

■ Nicely contends that the trial court erred in disallowing Nicely's evidence of reputation for truth and veracity of a witness called by M.A.B. M.A.B.'s mother, Helen Bellew, testified in a deposition that her son told her Nicely molested him. Bellew's deposition testimony included details of two confrontations Bellew claims she had with Nicely after having conversations with her son about the alleged molestation. M.A.B. introduced excerpts from his mother's deposition in his case in chief. Nicely called M.A.B.'s aunt, Bellew's sister, and attempted to elicit testimony that Helen Bellew was "a liar." The court sustained M.A.B.'s objection that the question was "improper."

Nicely presented other evidence to support the defense theory that the allegations against him were untrue. The error, if any, did not materially affect the merits of the case and will not cause a reversal of the judgment. *See State v. Mahurin*, 799 S.W.2d 840, 844 (Mo. banc 1990), *cert. denied*, 502 U.S. 825, 112 S.Ct. 90, 116 L.Ed.2d 62 (1991). This is not to say, however, that there would be a lack of prejudice if the same objection were made and sustained on retrial.

### B.

Nicely asserts that the trial court improperly allowed a portion of the deposition testimony of his expert witness, Dr. Phillips, to be used to impeach Dr. Phillips' trial testimony, because the prior deposition testimony was neither inconsistent with, nor contradictory to, his trial testimony.

Dr. Phillips, a psychiatrist who examined M.A.B. at Nicely's request, testified, in contradiction to the diagnosis of M.A.B.'s expert witness, that M.A.B. did not suffer from post-traumatic stress disorder as a result of sexual abuse. Both the trial and deposition testimony of Dr. Phillips are somewhat difficult to follow. M.A.B. cross-examined Dr. Phillips about his previous deposition testimony in which Phillips recounted his opinions about the effect on a child of mutual masturbation with an adult. Dr. Phillips stated at trial such conduct "does not necessarily damage the boy if he enjoys it." Dr. Phillips went on to testify, however, that even if children enjoyed this type of activity, "they were probably abused if they have that kind of sex." The trial court then allowed M.A.B. to impeach Dr. Phillips through the use of his response to a question in the deposition as to whether an adult male's having oral sex with a child constituted sexual abuse. In the deposition Dr. Phillips had said:

It depends on the trauma that the youngster is experiencing at the time and the fact that you are not able to be there—you are not able to relate to the youngster. You don't know how much abuse the youngster may well be experiencing by that act. *Now if you get all the women and the people out here, as I call them, the do-gooders of the world, that are saying that that is sexual abuse, there isn't any question about it.* There wouldn't be one person in this world that wouldn't define that as sexual abuse and I understand what you are saying, but you must almost try to understand what may be going on in the mind of the person that is doing that.... No, I don't think it ought to happen. But you keep saying abuse—abuse, abuse, abuse. And maybe it is and maybe it isn't—it depends on the individual. (Emphasis added.)

Nicely sought to have excluded the specific remark concerning "women" and "do-gooders of the world". The trial court overruled his objection.

█ Rule 57.07(a)(1) provides that "[a]ny deposition may be used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness." In the

cross-examination exchange with M.A.B.'s attorney, Dr. Phillips equivocated on the question of whether conduct similar to that alleged by M.A.B. constituted sexual abuse. Dr. Phillips' trial testimony immediately preceding the admission of the challenged deposition excerpts indicated that he agreed the alleged conduct would constitute sexual abuse. The excerpted deposition testimony, including the specific response to which Nicely objected, plainly contradicted Dr. Phillips' trial testimony on that point. The trial court did not err in allowing the use of the deposition in the cross-examination of the witness.

Nicely contends that he was prejudiced by the inference that Dr. Phillips was lying. In support of this contention, Nicely cites to *Mesecher v. Cropp,* 213 Kan. 695, 518 P.2d 504 (1974). *Mesecher* held that, where a party's deposition is not inconsistent with his trial testimony, it is improper, under the guise of cross-examination, to read depositions at length in an attempt to create the impression that there were inconsistencies; rather, the proper use of such deposition testimony is to introduce it during the impeaching party's case in chief. *Id.,* 518 P.2d at 509. Nicely asserts that the admission of six pages of Dr. Phillips' deposition testimony resulted in prejudice under *Mesecher.*

*Mesecher* is of no assistance to Nicely. As explained above, Dr. Phillips' deposition testimony contradicted his testimony elicited on cross-examination. Dr. Phillips' position on what constitutes child sexual abuse is difficult to comprehend even when his testimony is read in its entirety. To the extent that portions of the lengthy excerpts of the deposition testimony are consistent with Dr. Phillips' trial testimony, they are merely cumulative of Dr. Phillips' trial testimony and are not prejudicial. *See Carmody v. St. Anthony's Medical Center,* 829 S.W.2d 654, 657 (Mo.App.1992).

## IV.

The judgment of the trial court is reversed and the cause remanded for further proceedings.

HOLSTEIN, C.J., BENTON, PRICE and LIMBAUGH, JJ., and EDWARDS, Senior Judge, concur.

ROBERTSON, J., concurs in result.

WHITE, J., not sitting because not a member of the Court when case was submitted.